## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**MICHAEL COOPER**                                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:15-CV-P249-TBR**

**SOJNIA BOWER** *et al.*                                                                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Michael Cooper leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's third amended complaint (DNs 48 & 52) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, Plaintiff's motion for leave to file a third amended complaint will be granted in part and denied in part.

### I. PROCEDURAL HISTORY

On September 16, 2016, the Court entered a Memorandum and Order (DN 46) noting that Plaintiff had filed several amended complaints after the Court conducted its initial review of the complaint and first two amended complaints. In its Memorandum and Order, the Court advised Plaintiff that he if sought to add any new claims or Defendants to this action, he had to file a motion for leave to file a third amended complaint on a Court-supplied § 1983 form and submit a completed a summons for each newly named Defendant.

On September 19, 2016, Plaintiff filed a "supplemental complaint" (DN 48). On September 29, 2016, Plaintiff filed an amended complaint, as directed by the Court, on the Court-supplied § 1983 form and attached summonses for the newly named Defendants.

(DN 52). In this document, Plaintiff asks the Court to consider the supplement Plaintiff filed on September 19, 2016, as part of his third amended complaint. Upon review, the Court will construe this document as part of Plaintiff's third amended complaint since it was presumably mailed before Plaintiff received the Court's September 16, 2016, Memorandum and Order directing him to include any and all new claims and Defendants on the enclosed §1983 form. As the Court advised Plaintiff in that Memorandum and Order, this amendment supersedes Plaintiff's previous efforts to amend the action since the Court conducted its initial review.

## II. SUMMARY OF THIRD AMENDED COMPLAINT

In the two documents referenced above, Plaintiff seeks to add Kentucky State Penitentiary (KSP) Warden Randy White and KSP officials James Beavers, Steven Ford, William Thomas, Marshall Peek, and Darmice Ellis as Defendants to this action. He sues these Defendants in both their official and individual capacities.

Plaintiff alleges that these Defendants have violated his constitutional rights by rejecting a Quran he had sought to order, requiring that certain legal mail remain unsealed, and by placing him in a restricted cell for 72 hours without his personal property.

As relief, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

## III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608. In order to

survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc*. v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v*. *Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

To the extent that Plaintiff sues Defendants in their official capacities, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because all Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the monetary damages claims against these Defendants in their official capacities will be dismissed.

### A. Rejection of Ordered Quran

#### 1. Defendants Warden White and Beavers

Plaintiff seems to claim that these Defendants violated his First Amendment rights to free exercise of religion and free speech and his Fourteenth Amendment rights to due process and equal protection by refusing to allow him to receive a copy of the Quran that he had a "loved one" order for him. The documents submitted by Plaintiff suggest that Defendant Beavers denied Plaintiff the Quran in accordance with a policy implemented by Defendant Warden White

which seemingly requires inmates to purchase their own books using funds from their inmate accounts.

Based upon these allegations, the Court will allow Plaintiff's claims against these Defendants in their individual capacities to proceed.

### 2. Defendants Ford and Thomas

Plaintiff's only allegations against Defendants Ford and Thomas are that they did not intervene and require Defendant Beavers, whom Plaintiff states is their subordinate, to provide Plaintiff with the copy of the Quran he had received in the mail. Plaintiff notes that they were copied on the memorandum that he received from Defendant Beavers regarding this issue.

Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff has failed to allege that Defendants Ford and Thomas engaged in any unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Interference with Legal Mail

Plaintiff next alleges that Defendant Peek informed Plaintiff that he must leave certain legal mail unsealed. Plaintiff further states that, due to Defendant Peek's interference with his legal mail, the only way he can send documents to this Court is through the use of pseudonyms or reliance on a fellow inmate to forward his mail. Plaintiff also alleges that he has sent legal mail to the "Commonwealth Attorney General" and a criminal complaint to the Lyon County Circuit Court Clerk and that Plaintiff does not believe that either party has received these documents "due to Plaintiff delivering these correspondences by hand to Defendant Peek sealed."

The Sixth Circuit "has held that a prisoner has a fundamental interest in preserving the confidentiality of his legal mail." *Bell-Bey v. Williams*, 87 F.3d 832, 837 (6th Cir. 1996). Thus, prison policies that regulate outgoing legal mail must further "an important or substantial governmental interest unrelated to the suppression of expression," and may not limit prisoners' First Amendment freedoms more than necessary to protect the governmental interest involved. *Procunier v. Martinez*, 416 U.S. 396, (1974); *see also Thornburgh v. Abbott*, 490 U.S. 401, 411 (1989) (clarifying that *Martinez* does not impose a "least restrictive means" test).

Thus, the Court will allow Plaintiff's claims regarding his legal mail to proceed against Defendant Peek in his individual capacity for monetary damages and in his official capacity for injunctive relief only.[1] *See, e.g.*, *Beeman v. Heyns*, No. 1:16-cv-27, 2016 U.S. Dist. LEXIS 45686 (W.D. Mich. Apr. 5, 2016).

---

[1] "[O]fficial-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. at 167 n.14; *see also Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) ("An *Ex Parte Young* action may be commenced against a state official acting in her official capacity and may seek [only] prospective relief to end a continuing violation of federal law."). The *Ex Parte Young* exception provides that an individual may be sued in his or her official capacity for prospective injunctive relief to end a continuing violation of federal law by that official. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). "The *Ex Parte Young* exception . . .

### C. Placement in Restricted Cell and Property Deprivation

With regard to Defendant Von Dwingelo, Plaintiff states that on September 16, 2016, Defendant Von Dwingelo directed that Plaintiff be placed in a cold concrete cell for 72 hours "without a working toilet or running water in papper boxer shorts and a plastic mattress" (DN 52). Plaintiff states that this action was taken in "reprisal for the pursuit of legal dress." Plaintiff states that during this time, he "contracted chest and back cold, minor hemroids and cavities." Plaintiff states that he did not eat at certain times during this period because he was not allowed an opportunity to wash his hands after having bowel movements. Plaintiff also alleges that his personal property was taken before he was placed in this cell. Based upon these facts, Plaintiff alleges claims of "cruel and unusual punishment due to the deprivation of life's necessities," a "Procedural Due Process Violation," and retaliation.

#### 1. Eighth Amendment Conditions-of-Confinement Claim

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

---

applies only when the lawsuit involves an action against state officials, not against the state." *Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior*, 160 F.3d 602, 607 (10th Cir. 1998).

Generally, allegations about temporary inconveniences, *e.g.*, being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). In addition, courts have rejected Eighth Amendment claims for lack of a significant injury from living conditions far harsher than Plaintiff alleges he suffered during the 72 hours he was allegedly placed in a restricted cell. *See, e.g.*, *Beverati v. Smith*, 120 F.3d 500, 505 n.5 (4th Cir. 1997) (noting that inmate's alleged confinement for six months in hot cells, infested with vermin and smeared with urine and feces, with only cold food in smaller portions and infrequent changes of linens did not state Eighth Amendment claim with no showing that the conditions resulted in serious physical or emotional injury); *Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (no violation where inmate not given soap, toothpaste or toothbrush for 10 days and no toilet paper for five days); *Cooper v. Shaw*, No. 5:10-cv-00158-RH-GRJ, 2010 U.S. Dist. LEXIS 139171, at *2-3 (N.D. Fla. Dec. 7, 2010) (noting that courts addressing the issue of failure to provide hygiene items, including mattresses and blankets, for a temporary period of time have found no constitutional violation); *Schaeffer v. Schamp*, No. 06-1516, 2008 U.S. Dist. LEXIS 121011, at *5-6 (W.D. Pa. June 25, 2008) (claim that inmate was placed in "hard cell" for 10 days with no mattress, pillows, no soap, no toilet paper and no running water did not constitute cruel and unusual punishment); *Lane v. Culp*, No. 05-576, 2007 U.S. Dist. LEXIS 100423, at *5 (W.D. Pa. Mar. 28, 2007) (allegation that inmate was denied running water for period of days and forced to sleep on floor without clothing or bedding for seven days failed to state constitutional claim).

Based upon the above, the Court concludes that Plaintiff has not stated an Eighth Amendment conditions-of-confinement claim against Defendant Von Dwingelo.

### 2. Fourteenth Amendment Due Process Violation Claim

Plaintiff also claims that Defendant Von Dwingelo violated his right to due process by taking his personal property from him before placing him in segregation.

Although "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Nonetheless, courts have generally held that the temporary deprivation of personal property does not impose an atypical or significant hardship in relation to the ordinary incidents of prison life.  *See, e.g.*, *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (applying *Sandin* to inmate property interest claim); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Lanham v. Kirkegard*, No. CV 15-0009-H-DLC-JTJ, 2015 U.S. Dist. LEXIS 36134 (D.C. Mont. Feb. 24, 2015); *Shallowhorn v. Gonzalez*, No. 1:11-cv-00305-GBC (PC), 2012 U.S. Dist. LEXIS 60267 (E.D. Cal. Apr. 30, 2012); *Grissom v. Werholtz*, No. 07-3302-SAC, 2011 U.S Dist. LEXIS 23477 (D.C. Kan. Mar. 8, 2011).

Thus, the Court will dismiss Plaintiff's claim against Defendant Von Dwingelo for the temporary deprivation of personal property in relation to his placement in a restricted cell for 72 hours.

### 3. First Amendment Retaliation Claim

The Court will, however, allow Plaintiff's retaliation claim based upon Defendant Von Dwingelo's alleged decision to place him in a cold concrete cell for 72 hours "for seeking legal redress" to proceed against Defendant Von Dwingelo in his individual capacity.

### D. Defendant Darmice Ellis

Although Plaintiff lists Darmice Ellis as a Defendant in his third amended complaint, the complaint contains no allegations pertaining to him. Thus, any claims against this Defendant must be dismissed, and the Court will terminate Defendant Ellis as a party to this action.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a third amended complaint (DNs 48 & 52) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims for money damages and his claims against Defendants Steven Ford, William Thomas, and Darmice Ellis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER OREDERED** that Plaintiff's Eighth Amendment conditions-of-confinement and Fourteenth Amendment procedural due process claims against Defendant Von Dwingelo are **DISMISSED** pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to add Defendant Warden White as a party to this action.**

**The Clerk of Court is DIRECTED to terminate Defendant Darmice Ellis as a party to this action.**

A separate Scheduling Order will be entered to govern the continuing claims.

Date:

cc: Plaintiff, *pro se*
　　 Defendants Warden Randy White, James Beavers, Steven Ford, William Thomas, Marshall Peek, and Darmice Ellis
　　 Counsel of Record
4413.011