UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MICHAEL COOPER                                                                                    PLAINTIFF

v.                                                             CIVIL ACTION NO. 5:15-CV-P249-TBR

SOJNIA BOWER *et al.*                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for reconsideration filed by *pro se* Plaintiff Michael Cooper (DN 69). In his motion, Plaintiff asks the Court to reconsider his allegations against certain Kentucky State Penitentiary officials, which were dismissed upon initial screening pursuant to 28 U.S.C. § 1915A, to reinstate them as Defendants, and to consider new allegations against new Defendants. For the following reasons, Plaintiff's motion will be denied.

## I. PROCEDURAL HISTORY

Plaintiff initiated this prisoner civil rights action on December 18, 2015. In his initial complaint (DN 1), he named one Defendant. Plaintiff filed his first amended complaint on April 4, 2016 (DN 10). The first amended complaint included retaliation claims against twelve additional Defendants. Plaintiff filed a second amended complaint on April 18, 2016 (DN 12); this complaint included retaliation and other claims against "all staff mentioned herein." On June 20, 2016, the Court conducted an initial review of these complaints, and allowed Plaintiff's claims to proceed against sixteen Defendants (DNs 23 & 24). Then, between June 30, 2016, and August 25, 2016, Plaintiff filed three additional amended complaints. The Court then entered a Memorandum and Order on September 19, 2016, advising Plaintiff that all of his additional allegations and claims in this action had to be set forth in one final third amended complaint (DN 46). Plaintiff was also informed that this third amended complaint would supersede the three additional amended complaints he had attempted to file. Plaintiff filed his third amended

complaint on September 29, 2016 (DN 52). On November 10, 2016, the Court conducted its initial screening of Plaintiff's third amended complaint, allowing certain claims to proceed and dismissing others (DN 63). The Court also entered a revised Scheduling Order to govern the development of all of the claims the Court had allowed to proceed (DN 64).

## II. LEGAL STANDARD

Plaintiff's motion is essentially a motion for reconsideration and a motion to amend and/or supplement his complaint.

The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/ Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of complaints. Rule 15 provides that leave to amend should be freely given when justice so requires. The Sixth Circuit had held that a district court must consider the following factors when determining whether to grant or deny a motion to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

2

*Richardson v. Rose Transp., Inc.*, 617 F. App'x 480, 486 (6th Cir. 2015) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)

### III. ANALYSIS

**A. Steven Ford and William Thomas**

In his motion, Plaintiff asks the Court to reconsider his claims against Defendants Ford and Thomas because "they rejected [his] reading material violating [his] First Amendment."

In its screening of Plaintiff's third amended complaint, the Court dismissed Plaintiff's claims against Defendants Ford and Thomas because Plaintiff only alleged that they did not intervene and require Defendant Beavers, whom Plaintiff states is their subordinate, to provide Plaintiff with the copy of the Quran he had received in the mail. In its reading of Plaintiff's third amended complaint, it appeared to the Court that Plaintiff sought to hold these Defendants liable simply because they were copied on a memorandum that Plaintiff received from Defendant Beavers regarding this issue. The Court held that Plaintiff failed to state a claim against these Defendants based upon these allegations because government officials cannot be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Plaintiff attaches several exhibits to his motion to reconsider. The first exhibit is a memorandum from Defendant Ford advising Plaintiff that he received his correspondence regarding his rejected mail and that Plaintiff had five days to appeal a mail rejection. The memorandum then notes: "All mail rejections are handled at the warden's level." Plaintiff's exhibit also includes the memorandum he attached to his third amended complaint which shows that Defendants Ford and Thomas were copied on a memorandum from Defendant Beavers to

Plaintiff regarding the rejection of Plaintiff's mail. These exhibits show that the Court's initial analysis of Plaintiff's claims against these Defendants was correct – Plaintiff has not stated a claim against these Defendants. As noted in its Memorandum Opinion and Order, "a claimed constitutional violation must be based upon active unconstitutional behavior." *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Neither Plaintiff's allegations nor his exhibits suggest that Defendants Ford or Thomas engaged in any unconstitutional behavior. Thus, with respect to these Defendants, Plaintiff's motion to reconsider will be denied.

**B. Sgt. Vinson**

Plaintiff states that Sgt. Vinson rejected "legal books ordered by my family violating My first amendment." Plaintiff attaches as an exhibit to the motion a mail rejection notice signed by Sgt. Vinson. Although prisoners do have a constitutional right of access to the courts under the First Amendment, *Bounds v. Smith*, 430 U.S. 817, 821(1977), in order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). The Supreme Court has held that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the

4

official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, allowing Plaintiff to amend his complaint to add this claim would be futile because Plaintiff has failed to allege actual injury or prejudice to any pending legal action as a result of Sgt. Vinson's rejection of legal books.

### C. Sgt. Charles Roberts and Darmice Ellis

Plaintiff alleges that Sgt. Charles Roberts violated his First Amendment rights by taking his legal mail from his legal aid, reading it, and using what he read to retaliate against Plaintiff. Plaintiff also alleges that Darmice Ellis retaliated against him by rejecting a grievance for filing this action.

Plaintiff's retaliation claims against Defendants Sgt. Roberts and Ellis would also fail if Plaintiff were allowed to amend his complaint to include these claims because his allegations are wholly conclusory. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In addition, it is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp.

501, 506 (C.D. Ill. 1984). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

As such, the Court will not allow Plaintiff to amend his claim to add these Defendants at this time because the amendment would be futile.

### D. Troy Belt

With regard to Troy Belt, Plaintiff alleges that he watched Plaintiff be attacked by another inmate, "Kazey Kazee," and failed to protect him. Plaintiff made these allegations against Defendant Belt in his first amended complaint (DN 10) and, in its screening of that amendment, the Court allowed Plaintiff's claim against Defendant Belt to proceed (DN 23). Thus, there is no reason to allow Plaintiff to amend his complaint to add this claim.

### E. Sgt. George Henson

In his motion, Plaintiff alleges that Defendant Henson violated his First Amendment rights by opening his legal mail and by neglecting his right to legal assistance. Here, even if the Court were to allow Plaintiff to amend his complaint to add these additional claims against Defendant Henson, the amendment would be futile because the allegations fail to state a claim upon which relief may be granted. This is because Plaintiff has not alleged that he suffered any actual injury or prejudice to any pending legal action as a result of Defendant Henson's actions. *See, e.g.*, *Thaddeus-X v. Blatter*, 175 F.3d at 394; *Harbin-Bey v. Rutter*, 420 F.3d at 578 (6th Cir. 2005). Thus, the Court will also deny this amendment as futile.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's (DN 69) is **DENIED**.

Date:


cc:     Plaintiff, *pro se*
        Counsel of Record
4413.011