UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MICHAEL COOPER                                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 5:15-CV-P249-TBR

SOJNIA BOWER *et al.*                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon three motions – a motion by Defendants for leave to file a sealed document (DN 105) and two motions by Plaintiff for a default judgment (DNs 100 & 118). The Court will consider each of these motions in turn.

### I. MOTION FOR LEAVE TO FILE A SEALED DOCUMENT (DN 105)

In this motion, Defendants ask permission to file the last known addresses of two Defendants under seal. This motion is unopposed. Accordingly, **IT IS HEREBY ORDERED** that this motion (DN 105) is **GRANTED**.

### II. MOTION FOR A DEFAULT JUDGMENT (DN 100)

The Court will next address Plaintiff's first motion for a default judgment. In support of this motion, Plaintiff states that "Defendants ask for a 30 days extention to dispute about the facts of the civil case. The record shows there is nothing in dispute." In their response, Defendants argue that a default judgment is not warranted because Plaintiff has not moved for an entry of default and because the record reflects that Defendants have actively participated in this case and defended themselves.

The Court agrees that Plaintiff's motion should be denied for these reasons. For Plaintiff to obtain a default judgment, he must first request the Clerk's entry of default pursuant to Federal Rule of Civil Procedure Rule 55(a). Rule 55(b) governs default judgment. "An entry of default and a default judgment are distinct concepts which must be treated separately." *Redd v. Vails*,

No. 14-14340, 2015 U.S. Dist. LEXIS 37707, at *5 (E.D. Mich. Mar. 25, 2015). "These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). Stated another way,

> [o]btaining a default judgment is a two-step process: first, the party seeking a default judgment files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint; second, once the clerk has entered a default, the moving party may then seek entry of a default judgment by the Court against the defaulting party.

*Barcey v. La Beau, Inc.*, No. 14-10249, 2015 U.S. Dist. LEXIS 18622, at *4 (E.D. Mich. Feb. 17, 2015). Thus, because no default has been entered by the Clerk in this action, Plaintiff's motion for a default judgment must be denied.

However, Plaintiff's motion must also be denied for substantive reasons. A default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The determination of whether to grant a default judgment is within the sound discretion of the district court. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 849 (6th Cir. 1983). "In determining whether . . . to grant a default judgment, the court must balance three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default." *Jackson v. Hamilton Cty. Cmty. Mental Health Bd.*, 174 F.R.D. 394, 395 (S.D. Ohio 1997) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 192-94 (6th Cir. 1986)); *see also Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (setting forth seven factors to consider). Delay alone is insufficient to establish prejudice; Plaintiff must show that the delay will result in loss of evidence, create

difficulties with discovery, or provide greater opportunity for fraud or collusion. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). On prong two, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Seaboard Coastline R.R.*, 705 F.2d at 845. Prong three requires that "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *INVST*, 815 F.2d at 399. Moreover, the law does not favor defaults, and the Court should decide any question whether to grant default judgment in favor of the defaulting party. *Seaboard Coastline R.R.*, 705 F.2d at 846. A default judgment is a "drastic" measure, "which should be resorted to only in the most extreme cases." *Id.* at 849.

The record does reflect that Defendants have not yet filed an answer. However, Plaintiff has not argued or shown that failure has caused him prejudice. Moreover, a review of the record establishes that Defendants have actively litigated this case by filing responses to Plaintiff's multiple motions to compel, motions for preliminary injunctions, and motions for summary judgment. Thus, the Court finds that this is not the extreme case in which the drastic measure of a default judgment should be used.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's first motion for a default judgment (DN 100) is **DENIED**. **However, IT IS FURTHER ORDERED that Defendants shall file an answer to the complaint (DN 1) and amended complaints (DNs 10, 12, 48, & 52), to the extent the Court has allowed the claims therein to proceed, within 21 days from entry of this Memorandum Opinion and Order.**

### III. MOTION FOR A DEFAULT JUDGMENT (DN 118)

In this motion, Plaintiff seemingly seeks a default judgment because Defendants have not fully complied with this Court's April 6, 2017, Memorandum and Order in which it granted

Plaintiff's motions to compel and ordered Defendants to produce any documents responsive to such (DN 103). In their response, Defendants admit that they have not provided every document requested by Plaintiff, but they maintain that the only documents they have not produced are those to which they have stated an objection.

Under Fed. R. Civ. P. 37(b), when a party has refused to obey a court order, or has otherwise failed to provide or permit discovery, the Court where the action is pending may issue further orders, either:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part; staying further proceedings until the order is obeyed;
>
> (iv) dismissing the action or proceeding in whole or in part;
>
> (v) rendering a default judgment against the disobedient party; or
>
> (vi) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Because dismissal is the harshest available sanction under Rule 37(b)(2), the Sixth Circuit considers certain factors in determining whether a district court's dismissal of a suit was an abuse of discretion, including whether: (1) the failure to cooperate was due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the failure to cooperate; (3) the party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were

4

imposed or considered. *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x. 624, 632 (6th Cir. 2006) (citing *Bass v. Jostens*, 71 F.3d 237, 241 (6th Cir. 1995)).

Upon consideration of these factors, the Court finds that dismissal is not warranted here. Perhaps, most importantly, the Court notes that nothing in the record suggests that Defendants have acted in bad faith. On the contrary, the record shows that Defendants filed a Notice of Compliance with this Court's April 6, 2017, Memorandum and Order (DN 113). In their Notice of Compliance, Defendants state that they have complied with the Court's Order except to the extent that they objected to several of Plaintiff's requests, "primarily based on the need to ensure the safety and security of Kentucky State Penitentiary, specific correctional officers, or specific inmates." In this Notice, Defendants further offer to comply with any Court order requiring them to file their responses to Plaintiff's requests.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment (DN 118) is **DENIED**. However, the Court also construes this motion as a motion to compel production of the documents described therein and **DIRECTS the Clerk to re-docket it as such**. Defendants shall file their response to this motion to compel, including Plaintiff's requests and their stated objections, within **14 days** of entry of this Memorandum Opinion and Order. Plaintiff shall have **14 days** to reply.

Date:


cc: Plaintiff, *pro se*
 Counsel of Record
4413.011

5