# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

MICHAEL COOPER                                                     PLAINTIFF

v.                                          CIVIL ACTION NO. 5:15-CV-P249-TBR

SOJNIA BOWER *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Cooper filed this *pro se* 42 U.S.C. § 1983 prisoner civil rights action against various officials at Kentucky State Penitentiary (KSP). This matter is before the Court upon five motions by Defendants to seal exhibits (DNs 138, 139, 140, 141, & 142) they have filed in support of their motion for summary judgment (DN 137-3). The Court will consider each motion in turn.

### I. MOTION TO SEAL SECURITY CAMERA FOOTAGE (DN 138)

In their motion to seal this exhibit (docketed at DN 147), Defendants state that this exhibit contains video of the interior of KSP and poses a potential security risk by showing camera angles and blind spots. They also contend that it shows other inmates who "may have a privacy interest in having the video under seal."

The Court finds that this exhibit should be placed under seal. Although the Kentucky Open Records Act, related state laws, and opinions of the Kentucky Attorney General interpreting such are not controlling in regard to whether judicial records should be placed under seal in this federal action, they do offer helpful insight. For example, the Kentucky Attorney General has opined that the release of prison surveillance footage to the public could pose a threat to "the safety and security of the inmates, staff, and institution" because the footage may reveal the institution's "methods or practices in obtaining the video" and "show areas where the

camera is capable of focusing and blind spots outside the camera's range." *See, e.g.*, Ky. Att'y Gen. Op. 07-ORD-168 (citing several previous opinions and denying a newspaper's open records request for prison surveillance video of a specific incident). The Court also notes that other courts have held that such footage may be properly placed under seal for security reasons. *See, e.g.*, *Castillon v. Corr. Corp. Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 U.S. Dist. LEXIS 84998, at *6-7 (D.C. Idaho June 29, 2015); *Pugh v. Terhune*, No. CV F 01 5017 OWW LJO P, 2005 U.S. Dist. LEXIS 24593, at *3 (E.D. Cal. Oct. 6, 2005). Therefore, **IT IS ORDERED** that this motion to seal (DN 138) is **GRANTED**.

However, because Defendants have filed the security camera footage as evidence in support of their motion for summary, Defendants must make the footage available for Plaintiff to view. Courts have long recognized the "dangers supposed to arise from the taking of ex parte evidence." *Patapsco Ins. Co. v. Southgate*, 30 U.S. 604 (1831); *see also Chaplin v. Kirwin*, 1 U.S. 187 (1786). Courts have also regularly cautioned that when a decision-maker relies on *ex parte* evidence in reaching his conclusion, a violation of the other party's right to procedural due process may occur. *See, e.g.*, *Tenn. Secondary Sch. Athletic Ass'n v. Brentwood Acad.*, 551 U.S. 291 (2007); *see also Kenny A. ex. rel. Winn v. Perdue*, 547 F.3d 1319, 1326-27 (11th Cir. 2008) (noting that "the district judge failed to comprehend the due process implications of what he was doing" when he reached a decision based on *ex parte* evidence). It is beyond debate that a party retains "the right to know what information is being submitted to the decision-maker and the opportunity to challenge the reliability of the government's sources as well as provide contrary information." *United States v. Accetturo*, 783 F.2d 382, 390 (3d Cir. 1986).

These holdings make clear why one district court rejected a magistrate judge's report and recommendation when it granted summary judgment to the defendants without allowing the

plaintiff, a state prisoner who had brought an action for excessive force under 42 U.S.C. § 1983, to view a "silent still-frame videotape" which contained "key evidence." *Evans v. Mallory*, No. 08-12725, 2009 U.S. Dist. LEXIS 79069 (E.D. Mich. Sept. 2, 2009). Similarly, in *Pugh v. Terhune*, the court ordered defendants in a § 1983 action brought by a *pro se* prisoner to make a prison videotape which defendants had filed in support of their motion for summary judgment available to the plaintiff for viewing. 2005 U.S. Dist. LEXIS 24593; *see also Wallace v. Walker*, No. 5:13CV00068 JLH/JTR, 2014 U.S. Dist. LEXIS 3531 (E.D. Ark. 2014) (requiring defendants to allow § 1983 plaintiff to view prison surveillance video at least two weeks before his response to summary judgment would be due).

## II. MOTION TO SEAL PRISON RAPE ELIMINATION ACT INVESTIGATIVE REPORT (DN 139)

In this motion to seal a Prison Rape Elimination Act (PREA) Investigative Report (docketed at DN 143), Defendants argue that the federal regulations allow individuals to make private reports to prison officials of an alleged PREA violation and that making this document publicly available "puts any confidential informant in harm's way." Defendants' argument, however, fails because this document is already a matter of public record. Plaintiff filed this PREA investigative report with the Court when he filed his complaint (DN 1, Attach. 3). Moreover, a review of the report reveals that the "confidential informant" was Plaintiff himself, who not only requests that the report and related documents not be sealed, but initiated this very action based upon the allegations contained in the report. For these reasons, **IT IS HEREBY ORDERED** that Defendants' motion to seal this PREA Report and related documents (DN 139) is **DENIED**.

**III. MOTION TO SEAL SECURED INSTITUTIONAL POLICY (DN 140)**

In this motion, Defendants move to seal a KSP "secured institutional policy" (docketed at DN 144). Defendants argue that the release of this policy "would increase the risk of harm to correctional officers by revealing details of officers' duties, knowledge of which by inmates would enable them to disrupt the safety and security of the institution more effectively."

A thorough review of the policy leads this Court to conclude that it should indeed be sealed for the reasons set forth by Defendants. Accordingly, **IT IS HEREBY ORDERED** that this motion to seal (DN 140) is **GRANTED**.

Based on these same security concerns, the Court will not compel Defendants to produce this document for Plaintiff's viewing at this time. However, in light of the above-cited case law, should the Court determine that a pertinent issue of Defendants' motion for summary judgment can only be decided by relying upon this evidence, it will revisit whether Plaintiff should be allowed to view the policy, or portions of it, at that time.

**IV. MOTION TO SEAL "OFFENDER SEPARATION CONFLICT" (DN 141)**

In Defendants' motion to seal this exhibit (docketed at DN 145), they argue that "releasing the identity of individuals who provide information related to a PREA violation jeopardizes the efficacy of PREA and puts any confidential informant in harm's way." Defendants also cite to federal regulatory provisions which permit staff members and inmates to "privately report" the sexual abuse and sexual harassment of inmates. *See* 28 C.F.R. § 115.41(a) & (d). The document at issue, however, does not contain the name of a confidential informant. Rather, this document contains the name of the prison official who investigated the sexual incident at issue and the prison official who issued a conflict based upon this investigation. Significantly, Defendants provide the name of the prison official who issued the conflict in their

motion for summary judgment (DN 137-3, p. 28). The Court can discern no reason for protecting the name of the investigator while providing the name of the individual who issued the conflict. Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to seal the "Offender Separation Conflict" (DN 141) is **DENIED**.

## V. MOTION TO SEAL PLAINTIFF'S MEDICAL RECORDS (DN 142)

In this motion, Defendants move to seal a portion of Plaintiff's medical records (docketed at DN 146) to protect Plaintiff's privacy. However, the medical record at issue is a only a three-line "Progress Note" regarding a swollen ankle and scratched knee. The Court finds no reason for sealing this document. Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to seal (DN 142) is **DENIED**.

## VI. CONCLUSION AND AMENDED SCHEDULING ORDER

In light of the foregoing, **IT IS FURTHER ORDERED** as follows:

(1) The Clerk of Court is **DIRECTED** to unseal the exhibits docketed at DNs 143, 145, and 146.

(2) Defendants **SHALL** provide Plaintiff a copy of the exhibits docketed at DNs 143, 145, and 146 (to the extent they have not already done so) and to make a copy of the security camera footage (docketed as DN 147) available to Plaintiff for viewing;

(3) Within 21 days of the date of this Order, Defendants **SHALL** file a "Status Report" indicating the date Plaintiff has been provided copies of these exhibits and that Plaintiff has viewed the security camera footage or that reasonable opportunity to view the tape was made to Plaintiff but not accepted;

(4) Although Plaintiff has already filed a response to Defendants' motion for summary judgment (DN 150), within 30 days of receiving these exhibits and viewing the security camera

5

footage, Plaintiff may file a supplemental response to Defendants' pending motion for summary judgment.

(5) Because these and other outstanding motions have now been decided by the Court, the stay on the dispositive-motion deadline entered by the Court on May 26, 2017 (DN 122) is lifted. Defendants' motion for summary judgment is already pending. **If Plaintiff chooses to file his own motion for summary judgment, it should be filed no than August 30, 2017.**

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4413.011