UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MICHAEL COOPER                                                                PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:15-CV-P249-TBR

SOJNIA BOWER *et al.*                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon *pro se* Plaintiff Michael Cooper's second motion for a preliminary injunction (DN 108) and Defendants' motion to strike Plaintiff's "affidavit" and its attachments from the record (DN 133). The Court will address these motions in reverse order. For the following reasons, Defendants' motion to strike will be granted, and Plaintiff's motion for a preliminary injunction will be denied.

## I. DEFENDANTS' MOTION TO STRIKE

In this motion, Defendants ask the Court to strike Plaintiff's "affidavit" (DN 127) and its attachments (DN 127-1) from the record because they have no relevance to the claims before the Court, or in the alternative, to construe the filing as a motion for leave to file a supplemental complaint and deny it. In the "affidavit" which Defendants move to strike, Plaintiff states that officials at Kentucky State Penitentiary (KSP) continue to retaliate against him for filing this lawsuit. He then attaches 30 pages of grievances and other documents he has filed to support his allegation of continuing retaliation.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P.

15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with this policy, the Sixth Circuit had held that a district court must consider the following factors when determining whether to grant or deny a motion to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

*Richardson v. Rose Transp., Inc.*, 617 F. App'x 480, 486 (6th Cir. 2015) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)); s*ee also James Madison Project v. Dep't of Justice*, No. 15-1307 (RMC), 2016 U.S. Dist. LEXIS 129453, at *14 (D.D.C. Sept. 22, 2016) ("Where a defendant has filed a dispositive motion . . . and plaintiff has opposed it, denial of permission to amend is proper.") (citation omitted).

Rule 15(d), in turn, governs the submission of supplemental pleadings. This Rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Supreme Court has ruled that "Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964) (footnote omitted). The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Ultimately, however, "[t]he decision of whether to permit a supplemental pleading is within this Court's discretion." *Pew v. Harris*, No. 3:12-CV-1984, 2016 U.S. Dist.

2

LEXIS 59909, at *5 (M.D. Pa. May 4, 2016)(report and recommendation), *adopted by* 2016 U.S. Dist. LEXIS 113157 (M.D. Pa. Aug. 24, 2016) (citing *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir. 1979); *Burns v. Exxon Corp.*, 158 F.3d 336, 344 (5th Cir. 1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint)). In every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.,* 377 U.S. at 227. For this reason, a court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Koukios v. Ganson*, No. 99-4060, 2000 U.S. App. LEXIS 21040, at *5 (6th Cir. Aug. 11, 2000). In addition, leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim(s) in another lawsuit. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008).

Here, the Court finds that allowing Plaintiff add the instant allegations would yield undue delay in the resolution of this already convoluted action and would be unfair and prejudicial to Defendants. Plaintiff, who is incarcerated at KSP, initiated this 42 U.S.C. § 1983 action against on December 18, 2015, against one KSP official for violating his bodily privacy. Three months later, Plaintiff filed an amended and/or supplemental complaint making claims of retaliation against 11 additional KSP officials. Plaintiff has since filed several motions for leave to file an amended and/or supplemental complaints containing claims of retaliation. The Court considered each of these motions on their merits and, to date, has allowed Plaintiff's claims to proceed against 19 KSP officials. In this time, the Court has also addressed Plaintiff's motions for a temporary restraining order and/or preliminary injunctions and reviewed the numerous other miscellaneous documents Plaintiff continues to file on a regular basis. At present, a second

motion by Plaintiff for a preliminary injunction (the one now before the Court) and Defendants' motion for summary judgment are both pending. Given these circumstances, the Court's consideration of undue delay and prejudice deserves great weight and these factors weigh heavily in denying Plaintiff's motion to file a supplemental complaint. This is especially true where, as here, the parties have essentially completed discovery on the original claims and spent considerable time and effort in briefing summary judgment on the issues presented in the case. Therefore, since the Court must always "apply Rule 15(d) in a manner aimed at securing the just, speedy, and inexpensive determination of every action," *CMR D.N. Corp. v. City of Philadelphia*, No. 07-1045, 2011 U.S. Dist. LEXIS 25387, at *12 (E.D. Pa. Mar. 11, 2011), the Court concludes that Plaintiff's motion to strike should be granted because allowing Plaintiff to add new claims against new Defendants at this time would be unjust, cause undue delay, and needlessly increase the costs of litigation.

Plaintiff, of course, may raise his new claims in a separate § 1983 action if he so wishes.

## II. MOTION FOR A PRELIMINARY INJUNCTION

In his motion for a preliminary injunction, which Plaintiff actually titles "Motion for Transfer of Plaintiff and Witnesses and Release from Seg," Plaintiff states that he has been in segregation for five years and that this long-term segregation is causing him to suffer an "adverse psychological impact." He states that he believes he is in segregation despite Defendants having "been told by Frankfort no more long term segregation." He also states that he continues to be retaliated against at KSP in other ways and that "his life is in danger." As relief, Plaintiff requests immediate release from segregation and transfer of himself and two other inmates to another facility. Plaintiff has filed two affidavits seemingly in support of this motion (DNs 102 & 110).

4

## A. LEGAL STANDARD

The Court must balance four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emp. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (internal quotation marks omitted). The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'" *Michael v. Futhey*, No. 08-3932, 2009 U.S. App. LEXIS 28217, at *93-94 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is a likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22-23 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original). Additionally, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *see also Winter*, 555 U.S. at 24. Further, where a prison inmate seeks an order

enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984).

In addition, because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), "the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

### B. TRANSFER OF WITNESSES

In his motion, Plaintiff seeks the transfer of himself and two other inmates, Brandon Bruin and Garfield Evans, from KSP to another correctional facility. Although Plaintiff does not specify in his motion why he seeks to be transferred with these two other inmates, in the title of his motion, he calls these inmates his "witnesses." The implication seems to be that Plaintiff cannot communicate with these two witnesses because he is in segregation and they are in the general population at KSP.

Upon review, the Court concludes that Plaintiff's request for the transfer of his "witnesses" must be denied. With regard to the likelihood of success on the merits, the Court notes that inmates do not have a constitutional right to be incarcerated in any particular

institution.  *Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).  Plaintiff also fails to show irreparable injury.  Although he may not be able to have face-to-face communication with his "witnesses" at KSP,  Plaintiff does not explain why other, albeit less convenient, forms of communication, including obtaining affidavits through the prison mail system or compelling the witnesses' attendance at trial, are unavailable to him.  *See, e.g.*, *Holley v. Swarthout*, No. CIV S-10-0615 EFB P, 2011 U.S. Dist. LEXIS 27649, at *3 (E.D. Cal. Mar. 17, 2011) (declining to issue a preliminary injunction ordering that the plaintiff not be transferred to a facility away from his witnesses for these reasons).  Finally, the third and fourth elements of the analysis also weigh against granting preliminary injunctive relief on the above claims.  It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations.  Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest.  *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 U.S. Dist. LEXIS 126890, at *19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

### C.  PLAINTIFF'S RELEASE FROM SEGREGATION

In his motion for a preliminary injunction, Plaintiff's also requests release from segregation.  This request is seemingly based upon a new claim that was not included in his original complaint or four amended and/or supplemental complaints - that he has been in segregation for five years in violation of both the Cruel and Unusual Punishments Clause of the Eighth Amendment and Kentucky Correctional Policies and Procedures.  A court, however, may not grant a preliminary injunction when the issues raised in the motion are entirely different from

those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d at 16; *Stewart v. United States Immigration and Naturalization Serv.* 762 F.2d 193, 199 (2d Cir. 1985). Thus, because this claim is not properly before the Court, it provides no basis for the issuance of a preliminary injunction in this action. However, as explained above, Plaintiff may raise this new claim in a separate § 1983 action if he chooses to do so.

**D. PLAINTIFF'S TRANSFER**

Finally, Plaintiff seeks a transfer on the grounds that KSP staff members "constantly" retaliate against him for filing this action. He specifically alleges that KSP staff members continue to take his legal books and documents, read his legal mail, and issue "Bogus write ups." Plaintiff also summarily states that he has been "assaulted" and that "it is obvious [his] life is in danger."

Although the Court has allowed specific retaliation claims to proceed against Defendants, it is unclear whether Plaintiff's request for a transfer is based upon pending claims of retaliation, new claims of retaliation not before the Court, or some combination thereof. However, no matter the case, Plaintiff' request for a transfer fails.

To the extent this request for relief is based upon retaliation claims the Court has allowed to proceed, the four factors the Court must consider when determining whether to grant a preliminary injunction weigh against relief. First, as stated above, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *Montanye v. Haymes*, 427 U.S. 236; *Beard v. Livesay*, 798 F.2d at 876. And although a federal court has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger, *see, e.g.*, *Walker v. Lockhart,* 713 F.2d 1378, 1383 (8th Cir. 1983);

8

*Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980), Plaintiff's allegation that "staff keep assaulting" him and his conclusory statement that "it is obvious that my life is danger" do not constitute evidence upon which this Court can find that a transfer is warranted on this ground. *See, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 530 (4th Cir. 2003) (explaining that irreparable harm must be "actual and imminent" rather than "remote [and] speculative"); *Basey v. Mooneyham*, 172 F. App'x 582, 584 (5th Cir. 2006)(denying request for preliminary injunction for transfer where prisoner only alleged he had been previously assaulted by prison officials); *Brooks v. Hogan*, No. 9:14-cv-0477, 2015 U.S. Dist. LEXIS 21303, at *16 (N.D.N.Y. Jan. 13, 2015) (denying preliminary injunction seeking transfer based upon past assaults by prison staff because "a court may not rest a finding of likelihood of future harm . . . based solely on past . . . conduct") (citation omitted) (report and recommendation), *adopted in part and rejected on other grounds*, 2016 U.S. Dist. LEXIS 33561 (N.D.N.Y. Mar. 16, 2016). In addition, to the extent that Plaintiff's claims are based upon interference with his legal documents, Plaintiff fails to show irreparable harm because the Court's record reflects Plaintiff's consistent ability to file numerous motions and submit timely filings. Finally, for the reasons set forth in the prior section, the third and fourth elements also weigh against granting preliminary injunctive relief on this claim.

Moreover, in the event that Plaintiff's request for a transfer is based upon claims of retaliation not before the Court, these claims cannot provide a basis for relief. *See, e.g.*, *Devose v. Herrington*, 42 F. 3d. at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction"); *Jackson v. Hereford*, No. 14-2982 (JRT/BRT), 2015 U.S. Dist. LEXIS 144855, at *6-9 (D. Minn. Oct. 23, 2015) (denying motions for a temporary restraining order and a preliminary injunction based on new assertions of

9

mistreatment involving legal mail, access to materials, and other alleged retaliatory conduct that occurred long after the conduct challenged in the complaint occurred) (report and recommendation), *adopted by* 2015 U.S. Dist. LEXIS 144073 (D. Minn. Oct. 23, 2015); *Pullen v. Howard*, No. 2:14-cv-104, 2015 U.S. Dist. LEXIS 48285 (S.D. Ohio April 13, 2015) (denying preliminary injunction because motion was premised on new claims and allegations of unconstitutional retaliation and conditions of confinement and because it involved new defendants who had not been served) (report and recommendation); *Jackson v. Welliver*, No. 3:CV-13-0641, 2014 U.S. Dist. LEXIS 24770, at *4 (M.D Pa. Feb. 26, 2014) (denying preliminary injunction seeking access to pens, a photocopier, and legal research materials because such claims were separate and distinct from those set forth in the amended complaint); *Parker v. Adu-Tutu*, No. CV 10-2747-PHX-GMS (ECV), 2011 U.S. Dist. LEXIS 92098, at *23-24 (D. Ariz. Aug. 17, 2011) (denying motion for injunctive relief based upon denial of legal books, legal materials, legal supplies, and access to a law library because relief sought was based "on matters lying wholly outside the issues in the suit").

Thus, Plaintiff has failed to show that the Court should grant his request for preliminary relief in the form of transfer to another correctional.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to strike Plaintiff's affidavit and attached documents (DN 133) is **GRANTED** and that Plaintiff's motion for a preliminary injunction (DN 108) is **DENIED**.

Plaintiff is **INSTRUCTED** not to file documents containing new allegations or claims in this action.

The Clerk of Court is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 packet so that he may file a new action containing the allegations and claims set forth in the stricken documents, or any additional allegations and claims, if he so chooses.

Date:

cc: Plaintiff, *pro se*
      Counsel of Record
4413.011