UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-249-TBR

MICHAEL COOPER,                                                                                PLAINTIFF

v.

SONJA BOWER, et. al.,                                                                         DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Cooper's ("Plaintiff") two Motions for Summary Judgment. [DN 83, 98.] Defendants Sonja Bower, Bruce Von Dwingelo, Jill Robertson, Lucas Fraliex, Tami Darnel, Mitchell McLeod, Randy White, Troy Belt, Joy Myers, Skyla Grief, Timothy Hawkins, Jessee Coombs, George Hennson, Cody Edmonds, Lisa Gibbs, Marshall Peek, and James Beavers (collectively, "Defendants"), have responded, [DN 107], and Plaintiff has replied [DN 112.] This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motions are **DENIED**.

## I. BACKGROUND

Plaintiff is an inmate currently incarcerated at the Kentucky State Penitentiary. From December 2015 to September 2016, Plaintiff filed a Complaint [DN 1] and six Amended Complaints [DN 10, 12, 32, 38, 39, 52.] In his initial Complaint, filed December 18, 2015, Plaintiff initiated a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. [DN 1.] Throughout his additional filings, Plaintiff has also alleged that various Defendants violated his right to bodily privacy, contravening the Fourth Amendment; that Defendants engaged in retaliatory conduct in violation of the First Amendment in response to Plaintiff's alleged protected activities; that Defendants utilized excessive force against Plaintiff and subjected him to cruel and unusual

1

punishment, thereby violating Plaintiff's Eighth Amendment rights; that Defendants unlawfully interfered with Plaintiff's legal mail at the penitentiary; and that certain money Plaintiff had in his personal prison account was unlawfully converted by Defendants.

## II. STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must— by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex*, 477 U.S. at 324). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). Nor will mere speculation suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment." *Hill v. White*, 190 F.3d 427, 431 (6th Cir. 1999). Instead, there must be "[a] genuine dispute between the parties on an issue of material fact…to render summary judgment inappropriate." *Id.* (citing *Anderson*, 477 U.S. at 247–49).

## III. DISCUSSION

### A. Plaintiff's First Motion for Summary Judgment

In Plaintiff's first Motion for Summary Judgment, [DN 83], he makes four principal assertions, the first of which is that "Defendant[s] refuse to allow plaintiff a production of documents requested." [DN 83–1.] It is axiomatic that Federal Rule of Civil Procedure 37 grants to courts the authority to "sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Importantly though, "dismissal is an appropriate sanction [only] where the party's failure to cooperate with the court's discovery orders is due to willfulness," i.e., "a conscious and intentional failure to comply with the court order." *Id.* Even so, Plaintiff has filed a Motion for Summary Judgment, and irrespective of Defendants' compliance with Plaintiff's Requests for Production of Documents, a grant of summary judgment is not a discovery sanction to be employed by the courts. *See* Fed. R. Civ. P. 37; *see also* Fed. R. Civ. P. 56; *see also Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993); *see also Brown v. City of Tuscon*, 122 F.3d

1070, 1070 (9th Cir. 1997) ("summary judgment is not a sanction.") Therefore, this Court declines to enter summary judgment against Defendants on this issue.

The second assertion Plaintiff makes is that "[a]ll facts of the complaint Plaintiff has filed and are in possession of the Court [sic]." [DN 83–1.] To be sure, Plaintiff has made numerous filings with the Court throughout this lawsuit. However, the fact that the allegations Plaintiff has made against Defendants are documented with the Court is not evidence, nor does it establish as fact the allegations Plaintiff has made, especially because Defendants have vehemently refuted these allegations. Thus, summary judgment would be inappropriate on this count.

Third, Plaintiff asserts that "Defendants continue to violate Plaintiff's rights along with witnesses." [DN 83–1.] Again, as noted above in Section II, Plaintiff has laid out numerous claims against Defendants, including the violation of his First, Fourth, and Eighth Amendment rights under the United States Constitution. However, in support of these claims, Plaintiff has not properly supported his contention "that there is no genuine dispute as to any material fact and [Plaintiff] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), instead merely stating in conclusory fashion that his rights have been violated. Plaintiff's inability to establish a sufficient factual basis for his claims in the face of Defendants' vehement refutation of the allegations against them, [DN 107, 153], leads the Court to conclude that there is "sufficient disagreement" so as "to require submission to a jury" on this issue. *See Back*, 694 F.3d at 575.

Lastly, Plaintiff claims that "[t]he facts in this case are not up for dispute." [DN 83–1.] Again, Plaintiff does not provide any specific reason why this is the case. Defendants' Response to Plaintiff's Motion for Summary Judgment, [DN 107], makes plain that, in Defendants' view, there remain a plethora of disputed facts concerning most, if not all, of Plaintiff's allegations against them. The conclusory nature of Plaintiff's statements, coupled with Defendants'

refutation of such statement, leads this Court to conclude that Summary Judgment would be inappropriate at this time.

### B. Plaintiff's Second Motion for Summary Judgment

In his second Motion for Summary Judgment, [DN 98], filed on March 27, 2017, Plaintiff asks the Court to enter judgment in his favor if Defendants failed to file a Response to his initial Motion for Summary Judgment by March 29, 2017. [*Id.* at 1.] While this assertion is true, Defendants filed a Motion for Extension of Time to File Response on February 27, 2017. [DN 91.] This Court granted that motion on March 14, 2017, [DN 97], allowing Defendants thirty days to file a Response. Thereafter, Defendants timely filed their Response to Plaintiff's Motion for Summary Judgment [*See* DN 107.] Due to this fact, Plaintiff's second Motion for Summary Judgment is denied as moot.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motions for Summary Judgment, [DN 83, 98], are **DENIED**.

**IT IS SO ORDERED**.

cc: Michael Cooper, #211158, *Pro se* Plaintiff
Kentucky State Penitentiary
266 Water St.
Eddyville, KY 42038

Thomas B. Russell, Senior Judge
United States District Court

September 15, 2017