UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-249-TBR

MICHAEL COOPER,                                                              PLAINTIFF

v.

SONJA BOWER, et. al.,                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon two motions from Plaintiff Michael Cooper ("Plaintiff"). First, Plaintiff has filed a Motion to Dismiss. [DN 160.] Defendants have responded, [DN 168], and the time has passed for a reply. Second, Plaintiff has filed a Motion for Default Judgment. [DN 163.] Defendants have responded, [DN 169], and the time has passed for a reply. These matters are ripe for adjudication. For the following reasons, Plaintiff's Motions, [DN 160, 163], are **DENIED.**

**I. Motion to Dismiss**

The first motion at issue is one styled by Plaintiff as a Motion to Dismiss for Failure to Comply with Discovery Order. Specifically, Plaintiff contends that "Defendants refused to comply with the Court's extension on Discovery DN 155." [DN 160, at 1.] The document to which Plaintiff refers is a Memorandum Opinion and Order issued by this Court on August 3, 2017, wherein this Court considered five motions from Defendants regarding the sealing of certain exhibits in their motion for summary judgment. [*See* DN 155.] At the conclusion of this Opinion and Order, the Court ordered that "Defendants **SHALL** provide Plaintiff a copy of the exhibits docketed at DNs 143, 145, and 146 (to the extent they have not already done so) and make a copy of the security camera footage (docketed at DN 147) available to Plaintiff for

1

viewing." [DN 155, at 5.] Further, the Court ordered that, "[w]ithin 21 days of the date of this Order, Defendants **SHALL** file a 'Status Report' indicating the date Plaintiff has been provided copies of these exhibits and that Plaintiff has viewed the security camera footage or that reasonable opportunity to view the tape was made to Plaintiff but not accepted." [*Id.*]

In his Motion to Dismiss, Plaintiff argues that, as of August 28, 2017, Defendants had not complied with either of these orders. However, Defendants filed a Status Report on August 16, 2017, only thirteen days after the Court's above orders and, as such, well within the twenty-one day time constraint the Court placed upon Defendants. [*See* DN 159.] In the Status Report, Defendants instruct that, "Pursuant to the Court's August 4, 2017…Order (DN 155), Defendants have provided copies of the documents at DNs 143, 145, and 146 to Plaintiff that he received prior to August 15, 2017. [*Id.* at 1.] Moreover, "Plaintiff viewed the video at DN 147 on August 15, 2017," but "Plaintiff refused to sign an acknowledgement that he had done so because he felt he was entitled to view more footage." [*Id.*] Attached to the Status Report is the affidavit of Will Simpson, the caseworker for 7 cellhouse at the Kentucky State Penitentiary, the unit in which Plaintiff was housed at the time. [*See id.* at 4.] In his affidavit, Simpson explains that, "[o]n August 24, 2017, I [Simpson] provided a room, the necessary equipment, and time for [Plaintiff] to view the first 45 seconds [of] video at Docket Number 147. After those 45 seconds, the video is pornographic, and sexually explicit materials are barred in accordance with Kentucky Department of Corrections Policy and Procedure 16.2." [*Id.*] Simpson goes on to aver that Plaintiff "viewed the video but refused to sign an acknowledgement form to that effect, because he felt he was entitled to view additional video." [*Id.*] Also attached to the Status Report is the Memorandum confirming that Plaintiff had been provided the opportunity to view 45 seconds of video footage, signed by Simpson. [*Id.* at 3.] This Memorandum contains a note from Travis

2

Bradley, the notary public that executed Simpson's affidavit, which states "Refuse to sign," indicating that, where Plaintiff was to have signed his name, he refused to do so. [*Id.*] Bradley signed and dated under the indication of refusal. [*Id.*]

The Court is satisfied that Defendants have done everything to comply with the Court's August 3 Order by making available to Plaintiff the aforementioned documents and video. Plaintiff may have felt as though he was entitled to view more of the video in question, but Kentucky Department of Corrections Policy and Procedure forbid the introduction of pornographic materials on site. As such, Plaintiff saw as much of the footage as he was entitled to see, and he cannot now sustain a Motion to Dismiss for failure of Defendants to comply with the Court's discovery order. Defendants plainly complied.

## II. Motion for Default Judgment

Plaintiff has also filed a Motion for Default Judgment, wherein he alleges that Defendants have "failed to comply with the Court's order" to "issue several documents" to Plaintiff and to "make surveillance videos available to view…." [DN 163, at 1.] Defendants contend that "these items were provided to the Plaintiff and a Status Report [DN 159] was filed by the Defendants to document that such items were provided to the Plaintiff." [DN 169, at 1.]

"[A] district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). In examining such an issue, the Court must ask "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Id.* Here, all four factors weigh in favor of Defendants and so there is no need to balance them.

There is no evidence to suggest that, to the extent Defendants failed to comply with the discovery schedule, their noncompliance was in any way willful. Indeed, Defendants point directly to DN 159 as evidence that, contrary to Plaintiff's contention, Defendants did, in fact, comply with the discovery process. There, Defendants explain that, "[p]ursuant to the Court's August 4, 2017 Memorandum Opinion and Order (DN 155), Defendants have provided copies of the documents…to Plaintiff…[and] Plaintiff viewed the video at DN 147 on August 15, 2017." [DN 159, at 1.] Additionally, Plaintiff has produced no evidence showing that he was subjected to prejudice due to any inability to obtain these unnamed documents, or view this unidentified surveillance video, or any delay relating thereto. Next, this is the first instance in which the Court has been apprised of Defendants' alleged failure to comply with the discovery schedule, and so the Court has not had occasion to warn Defendants about noncompliance, although the record reflects that Defendants *did* comply. Lastly, the Court need not consider less drastic sanctions, because the Court is not imposing any sanctions at all. Defendants have demonstrated that they have complied with this Court's August 4 Memorandum Opinion and Order, and the entrance of a default judgment would be entirely inappropriate under the circumstances.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1) Plaintiff's Motion to Dismiss [DN 160] is **DENIED.**

2) Plaintiff's Motion for Default Judgment [DN 163] is **DENIED.**

   **IT IS SO ORDERED.**

cc: Michael Cooper, #211158, *Pro se* Plaintiff
Kentucky State Penitentiary
266 Water St.
Eddyville, KY 42038

cc: Counsel of Record