UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-249-TBR

MICHAEL COOPER,                                                                            PLAINTIFF

v.

SOJNIA BOWER, et. al.,                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon two motions from Plaintiff Michael Cooper ("Plaintiff"). First, Plaintiff has filed a Motion for Partial Summary Judgment. [DN 161.] Defendants have responded, [DN 166], and the time has passed for a reply. Second, Plaintiff has filed a Motion for Leave to Seal Document. [DN 162.] Defendants have responded, [DN 167], and the time has passed for a reply. For the following reasons, Plaintiff's motions are **DENIED**.

**I. Background**

This is a 42 U.S.C. § 1983 civil rights action arising out of certain incidents that have allegedly occurred while Plaintiff has been incarcerated at the Kentucky State Penitentiary in Eddyville, Kentucky. Plaintiff initially filed six different claims against a total of nineteen defendants. This Court granted in part and denied in part Defendants' Motion for Summary Judgment, [DN 174], leaving nine defendants in the case: Troy Belt, Skyla Grief, Timothy Hawkins, Lucas Fraliex, Jesse Coombs, Cody Edmonds, George Henson, Danny Heggen, and Mitchell McLeod (collectively, "Defendants"). Plaintiff's remaining claims are those of retaliation against all nine defendants, and claims of a violation of his Eighth Amendment right to be free from cruel and unusual punishment against Belt, Coombs, and Edmonds. [*See* DN 174, at 31.]

1

## II. Motion for Partial Summary Judgment

### a. Legal Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When examining whether a motion for summary judgment should be granted, the court is required to resolve all ambiguities and draw all reasonable inferences against the movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "not every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Rather, the question is whether the party who bears the burden of proof in the case has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). This means that the plaintiff must present to the court more than a mere scintilla of evidence supporting her position. *Id.* Indeed, the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *Id.* It is not enough for a plaintiff to present speculation as to elements of the case, because "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### b. Discussion

Plaintiff's Motion for Partial Summary Judgment raises numerous claims and the Court will deal with each of them in turn. First, Plaintiff claims that he is entitled to summary judgment on his claim of conversion against former defendant Lisa Gibbs. Plaintiff had alleged that Gibbs

converted over one thousand dollars from his inmate account at the Kentucky State Penitentiary. However, before the Court had occasion to rule on Plaintiff's instant Motion, the Court granted summary judgment to Gibbs on this claim. [*See* DN 174, at 31.] As such, Plaintiff's Motion is moot on this point. Plaintiff next claims that he is entitled to summary judgment on his claim that former defendant Tami Bauer retaliated against him by "trumping up" a disciplinary report against him in which he was found guilty of engaging in inappropriate sexual behavior with another inmate. [DN 161, at 1.] The Court has also granted summary judgment to Bauer on this issue. As such, Plaintiff's Motion is moot on this point. Plaintiff's next claim for summary judgment is against former defendant Marshall Peek for "plundering Plaintiff's legal filing directed to the Courts." [DN 161, at 4.] However, the Court has already granted summary judgment to Peek on the issue of interference with Plaintiff's legal mail. [*See* DN 174.] Because of this, Plaintiff's Motion for Partial Summary Judgment on this claim is moot.

Next, Plaintiff argues that he is entitled to summary judgment on his claim that Grief retaliated against him in violation of the First Amendment. [DN 161, at 1-2.] Plaintiff avers in his amended complaint that Grief threatened to transfer him to a more restrictive cell unit if he did not stop filing grievances against prison employees, and that she eventually did just that in order to "teach him a lesson." Plaintiff further avers that Grief placed a "conflict" on Plaintiff and another inmate, Garfield Evans ("Evans"), because Plaintiff was assisting Evans with legal issues. Finally, Plaintiff avers that Grief told him that if he did not "stop writing letters to Frankfort," she would send "[Evans] to Eastern and strip me [Plaintiff] out and let me rot in 3 cell house." Grief's affidavit depicts a different scene. Grief avers that "[t]here is absolutely no truth to the[] allegations" that she "put a conflict on [Plaintiff] and Garfield Evans because [Plaintiff] was help Evans file grievances…." [DN 137-27, at 1.] Moreover, Grief avers that she

made no threats to Plaintiff, and only placed a conflict on Plaintiff and Evans because of the adjustment committee's finding that they had engaged in inappropriate sexual behavior. [*Id.* at 2.] The directly conflicting averments presented by Plaintiff and Grief indicate clearly to the Court that summary judgment in favor of Plaintiff would be inappropriate at this time. Plaintiff's Motion is therefore denied as to this claim.

Plaintiff also seeks entry of summary judgment against Belt, stemming from Plaintiff's averments that Belt paid another inmate, Kasey Kazee, to assault Plaintiff. Specifically, Plaintiff avers that Belt placed a "contracted hit" on Plaintiff, wherein Belt put money into Kazee's inmate account in exchange for Kazee viciously assaulting Plaintiff. According to Plaintiff, this was done in retaliation for Plaintiff filing grievances against Kentucky State Penitentiary employees. By contrast, Belt avers that "[t]here is absolutely no truth to these allegations." [DN 137-7, at 1-2.] Belt further avers that he "was not [even] present on December 22, 2013 when Kazee attacked [Plaintiff]. I have no knowledge regarding Kazee's job assignments or commissary account balance during this time." [*Id.*] Plaintiff's averments and Belt's averments directly contradict each other, thereby presenting this Court with a genuine dispute as to a material fact and precluding summary judgment at this time.

Plaintiff also seeks entry of summary judgment on his Eighth Amendment cruel and unusual punishment claim for "depriving Plaintiff of the bare necessities…[such as] bed linen; clothing; water and stationery/hygiene items for seven (7) consecutive days." [DN 161, at 4.] Plaintiff does not point out to the Court, though, against *whom* he seeks summary judgment on this claim. Plaintiff has remaining in this case an Eighth Amendment cruel and unusual punishment claim against Belt, Coombs, and Edmonds. [*See* DN 174, at 31.] However, Plaintiff's claim for summary judgment here only refers to the incident where he was placed in a

strip cell. This excludes Coombs and Edmonds, as Plaintiff's Eighth Amendment claims against them stem from cell "shakedowns" in which Coombs and Edmonds allegedly participated, and not from Plaintiff's placement in the strip cell. As such, the Court will construe Plaintiff's claim here as only against Belt. Even so, Plaintiff is not entitled to summary judgment here. For while Plaintiff avers that he was denied ben linens, clothing, water, and personal hygiene items for seven days, Belt's account of this incident directly contradicts Plaintiff's one. Specifically, Belt avers that Plaintiff was transferred to a new cell on August 15, 2014 "after Inmate Cooper refused to return to his cell following several direct orders…He was hit with pepper balls several times. He was tazzed to bring him under…control." [DN 137-7, at 2.]

Further, former defendant Larry Cranor avers that "[t]here is absolutely no truth to the[] allegations" that Cranor or Belt took "Plaintiff's clothes, mattress, and property and [left] him in a cell with cold air blowing dressed only in his boxers." [DN 137-8, at 1.] Rather, according to Cranor's affidavit, "A use of force team had to enter the walk to restrain Inmate Cooper. He was then taken to 7 cellhouse, where he was placed in a strip cell, which does not have a mattress as it is a short-term holding cell, according to Kentucky Department of Corrections policy and procedure. At that point, the supervisor of 7 cellhouse took custody of Inmate Cooper." [*Id.* at 1-2.] The direct contradiction between Plaintiff's account of these events as unlawful retaliation and Belt and Cranor's account that whatever actions taken were necessary to subdue Plaintiff indicates to the Court that the entry of summary judgment in favor of Plaintiff would be inappropriate at this time, as numerous issues remain in dispute.

At the conclusion of Plaintiff's Motion for Partial Summary Judgment, he makes a list of Permanent Injunctions he wishes the Court to grant. It is unclear whether these merely are additional claims for summary judgment, or whether Plaintiff actually seeks injunctions on these

issues. Irrespective of this, the Court declines to grant Plaintiff's requests. Plaintiff asks the Court to order the Kentucky State Penitentiary to form an outgoing legal mail logging system for accountability purposes; to order the prison to "cease the practice and custom of housing inmates in cells without clothing and bed linen;" to "remove the conflict between Evans and Plaintiff immediately;" to "transfer Plaintiff away from the Kentucky State Penitentiary;" to "place institutional conflicts on all Defendants;" and to award Plaintiff various sums of compensatory and punitive damages against various Defendants. The Court declines Plaintiff's invitation on all counts.

First, Plaintiff has not been granted summary judgment on any of his claims and therefore is not entitled to any monetary sums on any of his claims. Next, as the Supreme Court has noted, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995). This deference, coupled with the fact that Plaintiff does not provide any factual depth with respect to his prayers for relief, leads this Court to conclude that summary judgment would be inappropriate at this time. For example, Plaintiff asks this Court to order the prison to "form an outgoing legal mail logging system, so accountability and Prison Mail Box Rules may be applied." [DN 161, at 5.] Plaintiff does not explain the current mail system, its deficiencies, what "Prison Mail Box Rules" exist, whether they are or are not followed, or how he is or has been injured by this. Also, Plaintiff wishes to have the "conflict" between him and Evans lifted immediately. [DN 161, at 5.] This Court analyzed this issue at length in its Memorandum Opinion and Order on Defendants' Motion for Summary Judgment. [DN 174.] There, the Court discussed the fact that Plaintiff was found guilty by the prison's adjustment committee of engaging in inappropriate

sexual behavior with Evans and, as a result, the conflict was placed between the two men. The Court declines Plaintiff's invitation to interfere with the prison's decision on this issue.

Regarding Plaintiff's request that this Court order the prison to "cease the practice and custom of housing inmates in cells without clothing…as a means of intimidation and cruelty," Plaintiff has not presented a scintilla of evidence that the prison actually engages this practice generally. To be sure, Plaintiff avers in his amended complaint that this was done to *him* in retaliation for his filing of grievances. However, that Eighth Amendment claim against Belt is ongoing in this case, and the Court will refrain from entering summary judgment in favor of Plaintiff on this issue, as numerous disputes of material fact exist between Plaintiff's account and Belt's account. [*See* DN 174, at 16-18, discussing, at length, the factual disputes between Plaintiff and Belt.] Next, the Court declines to rule in favor of Plaintiff on his request that the Court transfer him away from the Kentucky State Penitentiary. He states that he wishes to receive mental treatment at a different prison, which is "less restrictive, as KSP is oppressive and punitive." [DN 161, at 5.] Plaintiff has not presented evidence indicating that a transfer to a different prison is warranted, and the Court is hesitant to interfere with inter-prison policies on transfers. Moreover, there is no indication in the record that Plaintiff has sought and been denied mental health treatment, or has received inadequate treatment. These matters will be left to the discretion of the medical staff on-site at the Kentucky State Penitentiary.

Finally, Plaintiff's request that conflicts be placed on "all Defendants…to protect Plaintiff from retaliation" must be denied. Setting aside the vague and generic terms of this prayer for relief, the mere fact that Plaintiff has an ongoing lawsuit against employees of the prison in which he is housed does not, without more, warrant a conflict being placed between Plaintiff and all Defendants. Restricting the movements of a large number of prison employees

could inhibit the prison's functionality, and Plaintiff has not provided factual support for why such conflicts are needed. In short, Plaintiff has simply failed to meet his burden. His Motion for Partial Summary Judgment is denied in its entirety.

### III. Motion for Leave to Seal Document

#### a. Legal Standard

Pursuant to Federal Rule of Civil Procedure 5.2(d), "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Although there are exceptions to the general rule, there is a "strong presumption in favor of openness." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). "The burden of overcoming that presumption is borne by the party that seeks to seal" the document or documents. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). And "[t]he burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Plaintiff has failed to show such a compelling reason and his Motion for Leave to Seal Document must therefore be denied.

#### b. Discussion

First, it should be noted that, while Plaintiff does not specifically identify which document it is that he would like to have sealed, it appears clear to the Court that he is referencing the exhibit attached to his Motion for Partial Summary Judgment. [*See* DN 161-2.] This document is the disciplinary report form stemming from an incident of inappropriate sexual behavior between Plaintiff and another inmate. [*See id.*] However, this document has already been in the public record since June 24, 2016, [*see* DN 27-2], and the Court sees no compelling

reason to seal it now. Plaintiff's only argument in favor of his position is that the document "contains names and sensitive information of non-parties," and that "privacy rights" dictate that the document should be sealed. [DN 162, at 1.] The Court disagrees. Plaintiff's general argument regarding privacy fails to touch on specific reasons why this Court should seal a document that has already been in the public record for approximately one and a half years. Plaintiff also fails to touch on how this document, if not sealed by the Court, would "work a clearly defined and serious injury." *See Shane Grp.*, 825 F.3d at 307-08. In sum, Plaintiff falls well short of overcoming the presumption of openness, and his Motion for Leave to Seal Document must therefore be denied.

### IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1) Plaintiff's Motion for Partial Summary Judgment as to Gibbs, Bauer and Peek [DN 161] is **DISMISSED AS MOOT.**

2) Plaintiff's Motion for Partial Summary Judgment as to all other claims [DN 161] is **DENIED.**

3) Plaintiff's Motion for Leave to Seal Document [DN 162] is **DENIED.**

**IT IS SO ORDERED.**

cc: Michael Cooper, #211158, *Pro se* Plaintiff
Kentucky State Penitentiary
266 Water St.
Eddyville, KY 42038

cc: Counsel of record