UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-249-TBR

MICHAEL COOPER,                                                                              PLAINTIFF

v.

SOJNIA BOWER, et al.,                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon four Motions. First, Plaintiff Michael Cooper ("Plaintiff") has filed a Motion to Compel and Amend Complaint.[1] [DN 179.] Second, Defendants[2] have filed a Motion to Strike Plaintiff's Motion to Compel and Amend Complaint. [DN 188.] Third, Plaintiff has filed a "Motion to Counter Strike" Defendants' Motion to Strike. [DN 194.] Finally, Plaintiff has filed a Motion for Reconsideration. [DN 189.] The Court will address the merits of each of these Motions below.

**I. Background**

Plaintiff is an inmate currently incarcerated at the Kentucky State Penitentiary ("KSP"). From December 2015 to September 2016, Plaintiff filed a Complaint [DN 1] and three Amended Complaints. [DN 10, 12, 52.] In his initial Complaint, filed December 18, 2015, Plaintiff initiated a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. [DN 1.] Throughout his additional filings, Plaintiff has alleged that various Defendants violated his right to bodily privacy, contravening the Fourth Amendment; that Defendants engaged in retaliatory conduct in violation of the First Amendment in response to Plaintiff's alleged protected activities; that Defendants

---

[1] The Motion is styled as one "for Interrogatories," but the substance of the motion is such that the Court construes it as a motion to compel and to amend his Complaint.
[2] The following Defendants remain in the action: Troy Belt, Skyla Grief, Timothy Hawkins, Jesse Coombs, George Henson, Cody Edmonds, Lucas Frailex, Danny Heggen, and Mitchell McLeod.

1

utilized excessive force against Plaintiff and subjected him to cruel and unusual punishment, thereby violating his Eighth Amendment rights; that Defendants unlawfully interfered with Plaintiff's legal mail at KSP; and that certain money Plaintiff had in his personal prison account was unlawfully converted by Defendants. Some of Plaintiff's claims were dismissed upon Defendants' Motion for Summary Judgment. [*See* DN 174.]

## II. Motion to Compel & Amend Complaint and Motion to Strike

The first Motion at issue is Plaintiff's Motion to Compel and Amend Complaint. [DN 179.] Among other things, Plaintiff has filed proposed interrogatories with the Court and asks to have these questions answered; he also has requested the production of certain photographs, videos, and has asked to amend his Complaint to add new defendants and claims. [*See id.*] In response, Defendants filed a Motion to Strike this Motion from the record. [*See* DN 188.] As these two Motions deal directly with each other, the Court will address them jointly.

### A. Legal Standard

### 1. Motion to Compel & Amend Complaint

The determination of "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Pursuant to Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery." Importantly, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

With respect to amended pleadings, Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where that time has passed, Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003).

### 2. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike. Such motions are generally disfavored. *Fed. Savings and Loan Ins. Corp. v. Bourdette*, 718 F. Supp. 649, 662 (E.D. Tenn. 1989). Rule 12(f) empowers the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Federal Rules define a "pleading" as follows:

> [A] complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original third party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

Fed. R. Civ. P. 7(a).

## B. Analysis

In Plaintiff's instant Motion, he makes many requests, and the Court will deal with each of them in turn. First, Plaintiff has asked this Court to compel certain items of discovery. These items are: (1) "the hand held video and the 14 Right Walk;" (2) pictures of a 3 cellhouse cell [preferably] cell 15-19;" (3) "walk camara [sic] from February 19, 2017…and hand held camara [sic];" (4) "a new bottle of o/c spray, specifically…[p]roduce decontamination instructions and side [e]ffects;" (5) "[a] picture of a c/o in full riot gear, along with tazer and shock shield, how much voltz is in both [sic];" (6) "the grievance Plaintiff filed over this incident, February 21, 2017 and February 19, 2017;" (7) "protocol of placing someone on suicide watch;" (8) "[a]ny medical records of the plaintiff from time of the incident. Any and all rules, regulations and policies of Kentucky department of corrections about treatment of prisoners with a sever[e] adverse psychological impact of long term segregation inmates [sic];" (9) "the Kentucky Department of Corrections policy on Long Term Segregation…the Ky. D.O.C.['s policy] about [inmates] serving long periods of segregation time…." [DN 179, at 1-2.] Plaintiff has also filed in the instant Motion interrogatories directed to non-parties James Beeler, Dan Bowerson, and Natasha Wynn, as well as to Defendant Troy Belt. [*See id.* at 2-4.] Presumably, Plaintiff seeks to have the answers to these questions compelled by the Court.

As an initial matter, the Court described in Section II(A)(1) that a party seeking to have discovery compelled must file a certification indicating that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In his instant Motion, Plaintiff provides the Court with no such certification, nor any indication at all that he attempted to resolve any of these matters with Defendants prior to filing this Motion with the Court. This

alone could provide the basis for this Court denying Plaintiff's Motion insofar as it relates to compelling discovery. However, there is the additional basis that the vast majority of Plaintiff's requests are completely irrelevant to the case at bar. It was this irrelevance that prompted, at least in part, Defendants' Motion to Strike. [*See* DN 188.] A cursory examination of the nine items Plaintiff has requested to be compelled reveals that they do not bear upon this case at all. Much of it appears to deal with an incident which occurred in February 2017. [*See* DN 179, at 1-2.] Conversely, this lawsuit was filed by Plaintiff on December 18, 2015. [*See* DN 1.] Insofar as Plaintiff has attempted to draw in separate allegations against current or potential Defendants by seeking discovery on matters which are irrelevant to this case, Plaintiff's Motion must be denied. This includes the items he wishes to have produced (listed in (1)-(9) above), as well as the interrogatories he seeks to have answered by Beeler, Bowerson, and Wynn. There is the separate matter of interrogatories from Belt, who is actually a party to this suit. Plaintiff does not provide dates relating to the questions he has presented for Belt, and so the Court is unable to determine whether these questions pertain to potentially relevant information or to the February 2017 incident, which would render them irrelevant. However, the answer to this question does not ultimately bear upon the Court's decision because Plaintiff failed to present the Court with a certification or any indication that he attempted to have Defendants answer these questions before filing the instant Motion with the Court. As such, Plaintiff's Motion is denied as it pertains to compelling discovery.

The Court will also deny Plaintiff's Motion as it pertains to amending his Complaint and adding new claims and defendants to this action. As Defendants correctly point out in their Motion to Strike, "the deadline for dispositive motions and completion of discovery has passed, and this case is…two years old. Plaintiff has had ample opportunity to supplement his complaint

with additional factual allegations and add…claims encompassed by the time periods in question." [DN 188.] The Court agrees with Defendants' characterization of the issue. In the instant Motion, Plaintiff has sought leave under Rule 15 to amend his Complaint in order to add the following individuals as defendants: Michael Alexander, Charles Conner, Christopher Durbin, Natasha Wynn, Brendan Inglish, and Brian Neely. [DN 179, at 4-5.] The Court will deny this request.

As discussed above, the trial court has broad discretion under Rule 15(a) to grant or deny a motion to amend a complaint, and although the standard is a liberal one, the Court should take into consideration factors such as undue delay by the Plaintiff in this case, as well as undue prejudice to Defendants by permitting Plaintiff to add a large number of individuals as defendants at this stage in the litigation. *See Miller*, 346 F.3d at 690. The Court finds that the delay of roughly two years from the commencement of this lawsuit until the time Plaintiff has again sought to amend his Complaint constitutes "undue delay" under the circumstances. Plaintiff presents no argument as to why this is not this case, nor any reason why the addition of these individuals was impossible or difficult in the two years since he filed this lawsuit, only offering that "[s]ince the filing of the complaint the plaintiff has determined that the name of the unknown defendants are" Alexander, Conner, Durbin, Wynn, Inglish, and Neely. [DN 179, at 4-5.] This is plainly insufficient.

There is the additional issue that much of the instant Motion deals with a 2017 incident, and so the addition of these individuals could relate to an event which had not even transpired at the time this lawsuit was commenced. But even if these individuals' actions, although unspecified by Plaintiff, relate to incidents occurring before this lawsuit started, the Court finds that undue prejudice to Defendants would result should Plaintiff be permitted to amend his

6

Complaint at this stage in the litigation. First, Plaintiff filed his initial Complaint on December 18, 2015. [DN 1.] Subsequently, he filed Amended Complaints on April 4, 2016 [DN 10], on April 18, 2016 [DN 12], and September 29, 2016. [DN 52.] Roughly sixteen months have passed since this most recent Amended Complaint was filed, and now Plaintiff wishes to add six new individuals to the action, and does not actually list any claims against them. It would cause undue prejudice to Defendants at this juncture in the litigation to have six new individuals added when discovery has closed and the dispositive motion deadline has passed. Further, Plaintiff offers no explanation regarding (1) the cause for the extensive delay in filing this Motion, or (2) why prejudice to Defendants would not be undue. Plaintiff's Motion must be denied.

In light of the Court's decision to deny Plaintiff's Motion to Compel and Amend Complaint in its entirety, this Court has no cause to further examine Defendants' Motion to Strike Plaintiff's Motion. [DN 188.] Defendants' Motion to Strike has been rendered moot and the Court dismisses it as such, without passing judgment on its merits.

### III. Motion to Counter Strike

The next Motion at issue is Plaintiff's "Motion to Counter Strike." [DN 194.] In the introductory paragraph, Plaintiff explains: "Plaintiff moves this Honorable [Court] for a Counter Strike and a[n] order ordering the defendants to bring…Plaintiff and Plaintiff's witnesses with [their] documents to the Court and produce them" [*Id.* at 1.] Plaintiff also asks, offhandedly, "[f]or reversal of the last order den[y]ing Summary Judgment and default judgment…." [*Id.* at 3.] Essentially, Plaintiff, who is proceeding *pro se*, seeks leave of the Court to be escorted from KSP to this Court, along with various witnesses and unspecified documents, so that he can present evidence tending to show that this Court's previous ruling denying his motions for summary judgment and default judgment were made in error. This Motion must be denied.

## A. Legal Standard

Although Plaintiff has not framed it as such, this Motion is essentially one to reconsider this Court's previous rulings (1) denying his motion for summary judgment, and (2) denying his motion for default judgment. [*See* this Court's previous rulings at DN 171, 172.]

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also Leelaneu Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 946 (6th Cir. 2004) (explaining that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."). Indeed, pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised *at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (emphasis added). As the Sixth Circuit instructed in *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009), "courts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted).

## B. Discussion

In a previous Memorandum Opinion and Order, this Court denied two motions for summary judgment filed by Plaintiff. [*See* DN 171.] In Plaintiff's first motion for summary judgment, he argued that he was entitled to judgment as a matter of law because (1) Defendants

allegedly failed to comply fully with this Court's previous discovery order; (2) "[a]ll the facts of the complaint Plaintiff has filed and are in possession of the Court [sic];" (3) Defendants allegedly had continued "to violate Plaintiff's rights along with witnesses;" and (4) "[t]he facts in this case are not up for dispute." [*See id. See also* DN 83-1.] None of these arguments were sufficient to establish that Plaintiff was entitled to judgment as a matter of law. This Court specifically found that (1) summary judgment was not an appropriate discovery sanction; (2) the fact that Plaintiff's allegations were on file with the Court did not establish any evidence that Plaintiff was entitled to judgment as a matter of law; (3) the mere conclusory statement that his rights were being violated was, without any actual evidence, insufficient to establish that he was entitled to summary judgment; and (4) Plaintiff provided no support for the contention that no facts were up for dispute in this case. [*See* DN 171, at 1-4.]

In Plaintiff's second motion for summary judgment, he argued that he was entitled to judgment as a matter of law because Defendants failed to respond to his *first* motion for summary judgment in a timely fashion. [*See* DN 98.] However, this Court instructed him that Defendants had filed a motion for extension of time, which this Court granted, and then properly filed a response to the first motion for summary judgment, thereby rendering the second motion for summary judgment moot. [DN 171, at 5.]

Third, this Court denied Plaintiff's motion for default judgment. [DN 172.] Plaintiff had argued that Defendants "failed to comply with the Court's order to issue several documents" to Plaintiff and to "make surveillance videos available to view…." [DN 163, at 1.] In response, Defendants argued that "these items were provided to the Plaintiff and a Status Report [DN 159] was filed by the Defendants to document that such items were provided to the Plaintiff." [DN 169, at 1.] The Court found that Defendants *had* provided the relevant discovery to Plaintiff and

that, accordingly, there were no grounds upon which Plaintiff could seek a default judgment against Defendants for noncompliance with Court orders. [*See* DN 172, at 3-4.]

In the instant Motion, [DN 194], Plaintiff provides no support for the argument that this Court's previous rulings should be reconsidered. He alludes to a conspiracy by Defendants to repeatedly change attorneys in an effort to prolong litigation so that they can dispose of Plaintiff's grievances after one calendar year, and he says that he possesses "facts" that would cause this Court to reconsider its rulings and enter judgment in favor of him. [DN 194, at 1-2.] Unfortunately, Plaintiff does not elaborate on these "facts," nor does he give any indication of what they are, to what or whom they pertain, or even where they are currently located, only making passing references to the numerous grievances he has filed against KSP employees during his time of incarceration there. Many of these are located in the case file, and the Court has had occasion in the past to review these documents.

Pursuant to *Hotels.com*, 590 F.3d at 389, the grounds upon which this Court is permitted to find cause to reconsider a previous ruling are "whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted). Plaintiff does not contend, and the Court does not find, that there has been an intervening change of controlling law with respect to any of its previous rulings, nor does Plaintiff cite to any specific piece of new evidence that has become available to him, only referring generally to grievances he has filed with KSP. The Court has already reviewed those grievances on file in the case docket. Finally, there is no explanation in this Motion detailing how a reversal of this Court's previous rulings is necessary in order to prevent clear error and/or prevent manifest injustice. The Court cannot find any reason why this would be the case. Accordingly, Plaintiff's Motion [DN 194] must be denied in its entirety.

## IV. Motion for Reconsideration

The final Motion at issue is Plaintiff's second Motion to Reconsider. [DN 189.] In particular, Plaintiff wishes to have reconsidered this Court's denial of his motion for partial summary judgment. [*See* DN 175.] In that Memorandum Opinion and Order, this Court, in addition to denying a separate motion from Plaintiff to seal a document, denied Plaintiff's request for judgment as a matter of law on the following issues: (1) his previous claim for conversion against former defendant Lisa Gibbs; (2) his previous claim for retaliation against former defendant Tami Bauer; (3) his previous claim for interference with his legal mail against former defendant Marshall Peek; (4) his claim for retaliation against Skyla Grief; (5) his claims for retaliation and cruel and unusual punishment against Troy Belt; and (6) a list of permanent injunctions Plaintiff sought to have imposed against various individuals and institutions at KSP. The standard of review for motions for reconsideration is described in fuller detail above, in Section III(A), but it bears repeating that Plaintiff must show "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice" in order to prevail here. *Hotels.com*, 590 F.3d at 389 (internal quotation marks omitted). This he has not done.

The first three claims for which Plaintiff asked for summary judgment in his favor were dismissed by this Court as being moot, because the Court had already granted summary judgment in favor of Gibbs, Bauer and Peek, respectively, on those three claims. [*See* DN 174.] Importantly, in the instant Motion, Plaintiff does not name Gibbs, Bauer or Peek, or otherwise make any references to them or his previous claims against them, or provide the Court with any facts pertaining to those alleged incidents. As such, this Court has no inclination to reconsider its grant of summary judgment to these three individuals.

In the previous Memorandum Opinion and Order, this Court emphasized the existence of disputed material facts with respect to Plaintiff's retaliation claim against Grief and his retaliation and cruel and unusual punishment claims against Belt. Indeed, Grief and Belt had both asked earlier for summary judgment on these claims in Defendants' motion for summary judgment, [DN 137], which this Court also denied. [DN 174.] Again though, Plaintiff does not mention Grief or Belt in the instant Motion, nor does he make any references to the specific facts surrounding his claims against them. [*See* DN 189.] In short, while Plaintiff asks the Court to reconsider its denial of his motion for partial summary judgment, he does not bring forth any evidence tending to show that this Court's previous ruling was clear error, that reversing its decision is necessary to prevent manifest injustice, that there has been an intervening change in controlling law, or that any new evidence is available. *See Hotels.com*, 590 F.3d at 389. Therefore, Plaintiff's Motion must be denied.

Plaintiff's Motion largely consists of two things: first, he make numerous references to all of the grievances he has filed during his period of incarceration at KSP, and second, he makes new allegations concerning at least one alleged assault he has suffered at the hands of KSP employees. [DN 189, at 1-3.] The Court appreciates the fact that Plaintiff has filed an enormous amount of grievances during his time at KSP, and the Court has undertaken the task of reviewing these grievances throughout the life of this lawsuit, both to gather facts about the case as well as to rule on the numerous motions which have come before the Court. Plaintiff makes references to unspecified grievances in the instant Motion, arguing that, should he be permitted by the Court to bring these unspecified documents to the Court and present them, the Court would have no other option but to grant him summary judgment on his claims. The Court declines this invitation. The Court *has* reviewed the grievances on file and has only rendered decisions after reviewing them,

along with the other pertinent documents in this case. If Plaintiff has other, **relevant** grievances, he may file those with the Court should he choose to do so.

With respect to Plaintiff's claims of further assaults committed by KSP officials against him, the Court takes those allegations very seriously. Procedurally, any alleged assault against Plaintiff occurring after the filing of this lawsuit is irrelevant for purposes of this case. As a factual matter, though, alleged misconduct by corrections officers is no small issue. Plaintiff alleges that he "was just assaulted July 13th, 2017 by one of my [Plaintiff's] defendant['s] son. I was punched my head was slammed into the wall all while in shackles and handcuffs." [DN 189, at 2-3.] Plaintiff does not specify who assaulted him. If Plaintiff was attacked by KSP employees, or by another inmate, the proper course of action is laid out in KSP's inmate handbook. Due to the large volume of grievances Plaintiff has filed, the Court will presume that he is familiar with this process. If, after having exhausted his administrative remedies with respect to any such assault, the issue has not been remedied to Plaintiff's satisfaction, he may seek redress within the court system. However, as this case has nothing to do with an alleged assault occurring in 2017, and the time has passed for Plaintiff to amend his Complaint for a fourth time, this particular case is an inappropriate forum in which to litigate such an issue.

## V. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Compel and Amend Complaint (referred to in the docket as Motion for Interrogatories), [DN 179], is **DENIED.**

2. Defendants' Motion to Strike, [DN 188], is **DISMISSED AS MOOT.**

3. Plaintiff's "Motion to Counter Strike," [DN 194], is **DENIED.**

4. Plaintiff's Motion for Reconsideration, [DN 189], is **DENIED.**

**IT IS SO ORDERED.**

cc: Counsel of Record

Michael Cooper, *pro se* plaintiff