UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-249-TBR

MICHAEL COOPER,                                                                                    PLAINTIFF

v.

SOJNIA BOWER, et al.,                                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon motion in limine by Defendants[1] to exclude certain evidence from trial. [DN 216.]

## I. Background

The facts of this case are laid out more fully in this Court's previous Opinions, in the docket at DNs 174 and 198. In short, Plaintiff Michael Cooper filed a lawsuit against numerous individuals in the employ of the Kentucky State Penitentiary, ("KSP"), alleging various violations of his constitutional rights. This case is one of several Plaintiff currently has pending in federal court. Trial looms less than one week away, and the parties have begun filing pretrial disclosures, proposed witness and exhibits lists, and things of that nature. Now, Defendants have moved in limine to exclude certain evidence from trial that they contend would contravene the Federal Rules of Evidence.

## II. Legal Standard

Pursuant to its inherent authority to manage the course and direction of the trial before it, this Court possesses the power to exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R.

---

[1] The Defendants in this case are Troy Belt, Skyla Grief, Timothy Hawkins, Jesse Coombs, George Henson, Cody Edmonds, Lucas Frailex, Danny Heggen, and Mitchell McLeod. They are referred to collectively in this Opinion as "Defendants."

1

Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Unless the evidence at issue is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer such rulings until trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The judicial system favors this particular stance because "questions of foundation, relevancy and potential prejudice [can then] be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). This means that even where a motion in limine is denied, the Court may return to that previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III. Discussion

In their motion in limine, Defendants seek two orders from this Court. First, Defendants request that this Court exclude all evidence pertaining to a former corrections officer named Nathaniel Deboe. [DN 216, at 1.] Plaintiff has, in the past, alluded to allegations that Deboe, while employed at KSP, assaulted him. [*See id.*] Defendants argue that Plaintiff may attempt to introduce evidence of this alleged assault at trial and, pursuant to Federal Rules of Evidence 401 and 403, he should be prevented from doing so. The Court agrees.

Fed. R. Evid. 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relatedly, Fed. R. Evid. 402 provides in pertinent part that "[i]rrelevant evidence is not admissible." This Court is satisfied that any evidence pertaining

2

to Deboe's alleged assault on Plaintiff is irrelevant under Fed. R. Evid 401 and, consequently, must be excluded from trial.

First, although the federal relevancy standard is a liberal one, and presents a low bar of entry, it does not follow that every piece of information a party possesses should be put to the jury at a trial. *See, e.g.*, *Cambio Health Solutions, LLC v. Reardon*, 234 F. App'x 331, 338 (6th Cir. 2007); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006). Here, Deboe is not currently a party to this action, and never has been. Thus, even assuming that a confrontation occurred between Deboe and Plaintiff, it would change none of the facts of this case. It simply is not "of consequence" in determining whether the actual Defendants in this case committed other, unrelated acts in violation of Plaintiff's constitutional rights.

Second, even if evidence of an alleged assault committed by Deboe upon Plaintiff possessed some scrap of relevance, Fed. R. Evid. 403 would still demand its exclusion from trial. Pursuant to Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the danger presented should this Court allow Plaintiff to put on evidence of the alleged assault committed by Deboe is twofold: first, while the probative value of such evidence would be slight, the potential prejudice to Defendants would be substantial; second, the presentation of such evidence would run a high risk of confusing the actual issues to be litigated in this trial.

With respect to the danger of unfair prejudice, any presentation of evidence by Plaintiff of the alleged assault would not hold much probative value because there is nothing to suggest that the incident is at all related to (a) any of the alleged incidents at issue in this case, or (b) any

of the Defendants remaining in this case. Conversely, unfair prejudice could result to Defendants if this evidence is shown to the jury because it could suggest a nonexistent and improper connection between Deboe's alleged actions and those of the actual Defendants in this case. With respect to the danger of confusing the issues, the jury might incorrectly think that evidence of Deboe's actions would somehow bear upon the actions of other individuals, and there is nothing in the record to suggest such a connection. Moreover, Deboe's actions are not at issue in this case, and to present evidence of the alleged assault to the jury could improperly suggest to them that it is something upon which they should reach a verdict. In short, the Court finds this evidence to be irrelevant to the facts at issue in this case. However, even if evidence of Deboe's alleged assault bore upon this case at all, Fed. R. Evid. 403 would still demand its exclusion as running the risk of unfair prejudice or, alternatively, confusing the issues.

In the second portion of the instant motion, Defendants "move the Court to limit the testimony in this case solely to the claims before it." [DN 216, at 2.] Defendants explain that "Plaintiff currently has several additional lawsuits pending. Defendants acknowledge the possibility that Plaintiff might attempt to present evidence about claims that he currently has pending in other cases." [*Id.*] Thus, Defendants argue, Plaintiff should be prevented from putting on such evidence that could confuse the jury and cause undue prejudice to Defendants. [*Id.*] The Court is aware of Plaintiff's other pending cases, as well as the dangers that come in such cases of a litigant crossing from one path to another and potentially introducing evidence which does not bear upon the instant matters of a particular trial. However, the Court will not issue a blanket order as Defendants request. This is because Defendants have not pointed to any specific pieces of evidence they contend would confuse the issues or unduly prejudice them at trial. The Court understands Defendants' trepidation concerning such a crossing of paths between any number of

Plaintiff's lawsuits, but the best practice is to defer such evidentiary rulings to trial. However, Plaintiff shall first receive permission from the Court before mentioning to the jury or introducing into evidence other lawsuits pled by Plaintiff. Further, should Plaintiff attempt to introduce such evidence at trial, Defendants may move at that time to approach the bench to discuss the matter further.

## IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' motion in limine [DN 216] is **GRANTED** as to evidence of Nathaniel Deboe's alleged assault on Plaintiff, and **DENIED** as to the request to "limit testimony to claims before the Court."

**IT IS SO ORDERED.**

cc: Counsel of Record