**FILED**

Vanessa L Armstrong, Clerk

Apr 04 2018

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

PADUCAH DIVISION

CIVIL ACTION NO. 5:15-CV-249-TBR

MICHAEL COOPER

v.

TROY BELT, et al.

JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

You are required to evaluate the testimony of a corrections officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a corrections officer.

You have heard the testimony of several witnesses, including Michael Cooper, the Plaintiff in this case. You have also heard that before this trial, the Plaintiff, as well as witness Garfield Evans, had been convicted of crimes. The earlier convictions were brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. It is not evidence of anything else. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily

depend upon the number of witnesses who testify for either side.

## INSTRUCTION NO. 1

### Burden of Proof

The Plaintiff has the burden of proving his case against each of the Defendants by what is called a "**preponderance of the evidence**." This means that the Plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiff claims is **more likely true than not.**

The term "preponderance of the evidence" does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

## INSTRUCTION NO. 2

## Multiple Defendants

Ladies and Gentlemen of the jury, before I instruct you as to the law in this case, I want to point out something about having multiple defendants in one case. As you have heard and seen during this trial, there are nine defendants in this case. And while the Plaintiff has only presented two different legal claims, each one of the Defendants has been accused by the Plaintiff of something factually different.

It is crucial that you, the jury, give separate consideration to each claim and each party in this case. Although there are nine defendants, it does not follow that if one is liable, then another is liable, or that all are liable. Conversely, it does not follow that if one is not liable, then another is not liable, and so on.

I will discuss the elements, or parts, of each of the Plaintiff's claims below, but it is important for you to keep these incidents and claims separate, and to apply them only to the Defendant against whom the Plaintiff has brought that individual claim.

**INSTRUCTION NO. 3**

**The Nature of a Retaliation Claim**

I am now going to instruct you as to the law regarding the Plaintiff's First Amendment Retaliation claims. He has filed separate Retaliation claims against each of the nine Defendants. I will first explain the law generally, and then as it applies to the Plaintiff's claims.

Title 42 of the United States Code, Section 1983 is the federal civil rights statute under which the Plaintiff sues. It provides that a person may seek relief in this Court by way of damages against any person who, under color of state law, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

## INSTRUCTION NO. 4

### Elements of a First Amendment Retaliation Claim

In this case, the Plaintiff claims that each of the nine Defendants deprived him of his rights under the First Amendment to the United States Constitution by retaliating against him in response to his engaging in activities protected by the First Amendment. These Defendants are:

**Troy Belt,**

**Jesse Coombs,**

**Cody Edmonds,**

**Lucas Fraliex,**

**Skyla Grief,**

**Timothy Hawkins,**

**Danny Heggen,**

**George Henson, and**

**Mitchell McLeod.**

A convicted prisoner loses some constitutional rights, such as the right to liberty, after being convicted of a criminal offense. But a prisoner keeps other constitutional rights. One of those retained rights is the First Amendment right of access to the courts to challenge the lawfulness of their conviction and the constitutionality of his confinement conditions.

The constitutional right of access to the courts means that a prisoner has the right to file claims and other papers with the prison and with the court. The same holds true with respect to the grievance-filing process within a prison or jail. The exercise of these rights, or plan to exercise these rights, cannot be the basis for a penalty or further punishment.

To succeed on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

1. He was engaged in a **constitutionally protected activity**, which includes working on documents for the purpose of filing an internal grievance, a lawsuit or accessing the court system;

2. An "**adverse action**" was taken against him by someone who acted **under color of state law**; and

3. There is a **causal connection** between the adverse action taken and the Plaintiff's constitutionally protected activity, meaning that the adverse action taken against the Plaintiff was motivated at least in part by the Plaintiff's protected conduct.

As mentioned above, a prisoner has a constitutionally protected right of access to the courts and also has the right to file claims and other papers with the prison and with the court.

An "**adverse action**" is an action that would deter a person of ordinary firmness from exercising a constitutional right.

"**Under color of state law**" means under the pretense of law. A prison official's or corrections officer's acts while performing his or her official duties are done "under color" of state law whether those acts are in line with his or her authority or overstep such authority. That individual acts "under color of state law" even if he or she misuses the power they possess by virtue of a state law or because he or she is clothed with the authority of state law. The individual's acts that are done in pursuit of purely personal objectives without using or misusing his or her authority granted by the state are not acts done "under color of state law."

At this time I will remind you again that you should consider the three elements above as they pertain to each of the nine listed Defendants. Consider each of the Plaintiff's claims separately.

**INSTRUCTION NO. 5**

**Eighth Amendment Excessive Use of Force**

In addition to his claims of First Amendment Retaliation against all nine Defendants, the Plaintiff has also brought claims of Excessive Use of Force, in violation of the Eighth Amendment, against three of those defendants:

**Troy Belt,**

**Jesse Coombs, and**

**Cody Edmonds**.

Specifically, the Plaintiff claims that Troy Belt, Jesse Coombs, and Cody Edmonds deprived him of his rights under the Eighth Amendment to the United States Constitution. The Constitution guarantees that every person who is convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten without legal justification while incarcerated.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally violates the person's rights under the United States Constitution.

To succeed on his Eighth Amendment claims against Defendants **Troy Belt**, **Jesse Coombs and Cody Edmonds**, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

**First**, that the Defendant in question acted intentionally;

**Second**, that the force used by that Defendant against the Plaintiff was "**excessive**,"

**Third**, that the Defendant acted "**under color of state law**"; and

**Fourth**, that the Defendant's conduct "**caused**" the Plaintiff's injuries.

### "Excessiveness"

Regarding the Plaintiff's claims of Excessive Use of Force against Defendants Troy Belt, Jesse Coombs, and Cody Edmonds, I would like to reiterate the rule that the United States Constitution guarantees the right not to be subjected to excessive force by a law enforcement or corrections officer while being detained in custody.

However, not every push or shove—even if it later seems unnecessary—is a constitutional violation.

Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations.

You the jury must decide whether any force used in this case by Defendants Troy Belt, Jesse Coombs, and Cody Edmonds, respectively, was excessive based on whether the force, if any occurred, was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously to cause harm.

In making that decision you should consider:

(1) the amount of force used in relationship to the need presented;

(2) the motive of each Defendant at the time;

(3) the extent of the injury inflicted; and

(4) any effort made to temper the severity of the force used. Of course, officers may not maliciously or sadistically use force to cause harm regardless of the injury to the prisoner.

### "Under Color of State Law"

As I stated before, "under color of state law" means under the pretense of law. A prison official's or corrections officer's acts while performing his or her official duties are done "under

color" of state law whether those acts are in line with his or her authority or overstep such authority. That individual acts "under color of state law" even if he or she misuses the power they possess by virtue of a state law or because he or she is clothed with the authority of state law. The individual's acts that are done in pursuit of purely personal objectives without using or misusing his or her authority granted by the state are not acts done "under color of state law."

### "Causation"

Regarding the fourth element, that of "**causation**," a defendant's conduct "causes" a plaintiff's injuries if the plaintiff would not have been injured without the defendant's conduct, and the injuries were a reasonably foreseeable consequence of the defendant's conduct.

**INSTRUCTION NO. 6**

**Compensatory Damages**

If you find for the Plaintiff against one or more of the Defendants, then you will next determine from the evidence and award the Plaintiff such sum of money as will fairly and reasonably compensate him for his mental and physical pain and suffering, if any, as you believe from the evidence he has sustained as a direct result of the deprivation of his constitutional rights by one or more of the Defendants.

If you find more than one Defendant liable to the Plaintiff, you must consider these sums separately, and only as they relate to the claims the Plaintiff has against each Defendant.

The fact that I instruct you on damages should <u>not</u> be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

If you find in favor of the Plaintiff against one or more of the Defendants, but you find the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar.

## INSTRUCTION NO. 7

### Punitive Damages

If you find for the Plaintiff against one or more of the Defendants, and you awarded compensatory damages or nominal damages under these Instructions, then you may, in your discretion, award punitive damages. However, you may <u>only</u> award punitive damages if you believe that that Defendant's conduct involved a reckless indifference or disregard for Plaintiff's constitutional rights, life, or safety.

Punitive damages are awarded against a Defendant for the purpose of punishing the Defendant for misconduct, and deterring him or her and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case. If you decide to award punitive damages, you shall consider the following factors:

1. The harm to the Plaintiff as measured by the damages you have awarded under these Instructions caused by a Defendant's failure to comply with his or her duties; and

2. The degree, if any, to which you have found from the evidence that that Defendant's failure to comply with his or her duties was reprehensible, considering the following:

    a. the degree to which the Defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others;

    b. the degree to which the harm suffered by the Plaintiff was a result of intentional conduct, or mere accident;

    c. the likelihood, at the time of the Defendant's conduct, that serious harm would arise from it;

d. the degree of the Defendant's awareness of that likelihood;

e. the profitability of the misconduct to the Defendant;

f. the duration of the misconduct and any concealment of it by the Defendant;

g. any actions by the Defendant to remedy the misconduct once it became known to the Defendant.

Remember: the fact that I have instructed you on punitive damages should <u>not</u> be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover such damages. This is entirely for you to decide.

# INSTRUCTION NO. 8

## Jury Deliberations

When you go back to the jury room, you will discuss the case with your fellow jurors to reach an agreement if you are able to do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that have favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict one way or the other.

Do not talk to the Marshal or to me or to anyone else, except for each other, about this case or where each individual juror stands at any given time. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split on your verdict 4-4 or 6-2 one way or another. That should stay secret until you have finished your deliberations.

## INSTRUCTION NO. 9

### Notes

You may have taken notes during the trial on the notepads provided to you by the Court. That's fine, and you may take these back with you to the jury room for your deliberations. However, it is very important to remember that your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence.

If you have not taken notes, you should rely upon your independent recollection of the proceeding and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinions regarding the facts of the case.

You will notice that we have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching your decision in this case.

## INSTRUCTION NO. 10

## Return of Verdict Form

I have prepared Verdict Forms for your use in making your verdict. After you have reached unanimous agreement on a verdict for each of the Plaintiff's claims, if you are able to do so, your foreperson will fill in the forms that have been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict forms as directed.

## INTERROGATORY NO. 1(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1. that Defendant Troy Belt retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____          NO _____

            _____
            Foreperson

            _____
            Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 1(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 1(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 1(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 2(A)**

## INTERROGATORY NO. 1(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 1(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 1(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:**   $_____

_____
Foreperson


_____
Date


**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 1(B), PROCEED TO INTERROGATORY 1(C).**

## INTERROGATORY NO. 1(C)

**QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 2(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.    that Defendant Jesse Coombs retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____                                          NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 2(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 2(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 2(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 3(A)**

## INTERROGATORY NO. 2(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 2(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 2(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $_____

_____
Foreperson

_____
Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 2(B), PROCEED TO INTERROGATORY 2(C).**

**QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____         No _____

Foreperson _____         Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 3(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.      that Defendant Cody Edmonds retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____                                    NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 3(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 3(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 3(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 4(A)**

## INTERROGATORY NO. 3(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 3(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 3(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $\$$_____

_____
Foreperson

_____
Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 3(B), PROCEED TO INTERROGATORY 3(C).**

**INTERROGATORY NO. 3(C)**

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:** $_____

_____
Foreperson

_____
Date

## INTERROGATORY NO. 4(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.      that Defendant Lucas Fraliex retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____                                              NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 4(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 4(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 4(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 5(A)**

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 4(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 4(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:**   $_____

_____

Foreperson

_____

Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 4(B), PROCEED TO INTERROGATORY 4(C).**

**INTERROGATORY NO. 4(C)**

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.     that Defendant Skyla Grief retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____                                    NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 5(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 5(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 5(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 6(A)**

## INTERROGATORY NO. 5(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 5(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 5(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $_____

_____
Foreperson

_____
Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 5(B), PROCEED TO INTERROGATORY 5(C).**

## INTERROGATORY NO. 5(C)

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**    $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 6(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.      that Defendant Timothy Hawkins retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____                                    NO _____

                                     _____
                                     Foreperson

                                     _____
                                     Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 6(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 6(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 6(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 7(A)**

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 6(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 6(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:**   $_____

_____
Foreperson


_____
Date


**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 6(B), PROCEED TO INTERROGATORY 6(C).**

**INTERROGATORY NO. 6(C)**

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 7(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.      that Defendant Danny Heggen retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?


YES _____                                          NO _____

                                          _____
                                          Foreperson


                                          _____
                                          Date


**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 7(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 7(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 7(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 8(A)**

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 7(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 7(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:**   $_____

_____
Foreperson


_____
Date


**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 7(B), PROCEED TO INTERROGATORY 7(C).**

**INTERROGATORY NO. 7(C)**

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 8(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

    1.    that Defendant George Henson retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?

YES _____                      NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 8(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 8(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 8(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 9(A)**

## INTERROGATORY NO. 8(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 8(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 8(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $_____

_____
Foreperson

_____
Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 8(B), PROCEED TO INTERROGATORY 8(C).**

## INTERROGATORY NO. 8(C)

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**   $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 9(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.     that Defendant Mitchell McLeod retaliated against the Plaintiff, Michael Cooper, in violation of the First Amendment to the United States Constitution, as defined and explained in Instruction Nos. 3 and 4?


YES _____                          NO _____

_____
Foreperson

_____
Date


**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 9(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 9(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 9(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 10(A)**

## INTERROGATORY NO. 9(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 9(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 9(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $_____

_____
Foreperson


_____
Date


**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 9(B), PROCEED TO INTERROGATORY 9(C).**

## INTERROGATORY NO. 9(C)

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?


Yes _____          No _____


Foreperson _____          Date _____


If your answer is "Yes," please provide that value in the space provided below:


**ANSWER:**     $_____


_____

Foreperson


_____

Date

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.      that Defendant Troy Belt used excessive force against the Plaintiff, Michael Cooper, in violation of the Eighth Amendment to the United States Constitution, as defined and explained in Instruction No. 5?

YES _____                                     NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 10(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 10(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 10(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 11(A)**

## INTERROGATORY NO. 10(B)

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 10(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 10(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:**   $\$$_____

_____

Foreperson

_____

Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 10(B), PROCEED TO INTERROGATORY 10(C).**

## INTERROGATORY NO. 10(C)

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

## INTERROGATORY NO. 11(A)

**QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

1.     that Defendant Jesse Coombs used excessive force against the Plaintiff, Michael Cooper, in violation of the Eighth Amendment to the United States Constitution, as defined and explained in Instruction No. 5?


YES _____                                        NO _____

                                        _____
                                        Foreperson


                                        _____
                                        Date


**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 11(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 11(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 11(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 12(A)**

**INTERROGATORY NO. 11(B)**

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 11(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 11(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $_____

_____
Foreperson

_____
Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 11(B), PROCEED TO INTERROGATORY 11(C).**

**INTERROGATORY NO. 11(C)**

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**          $_____

_____
Foreperson

_____
Date

**INTERROGATORY NO. 12(A)**

 **QUESTION ONE:** Do you the jury find from a preponderance of the evidence that the Plaintiff, Michael Cooper, has established:

 1. that Defendant Cody Edmonds used excessive force against the Plaintiff, Michael Cooper, in violation of the Eighth Amendment to the United States Constitution, as defined and explained in Instruction No. 5?


YES _____          NO _____


          _____
          Foreperson


          _____
          Date


**IF YOU ANSWERED "YES" TO INTERROGATORY NO. 12(A) ABOVE, PLEASE CONTINUE TO INTERROGATORY NO. 12(B) ON THE NEXT PAGE.**

**IF YOU ANSWERED "NO" TO INTERROGATORY NO. 12(A) ABOVE, PLEASE RETURN TO THE COURTROOM. YOUR VERDICT IS COMPLETE.**

**QUESTION TWO:** If you answered "YES" to the question presented to you on INTERROGATORY 12(A) on the preceding page, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Michael Cooper's "compensatory damages," as explained in Instruction No. 6? If you answered "YES" to the question presented to you on INTERROGATORY NO. 12(A) on the preceding page, but you find that Plaintiff Michael Cooper has no "compensatory damages," as explained in Instruction No. 6, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 6.

**ANSWER:** $_____

_____

Foreperson

_____

Date

**REGARDLESS OF HOW YOU ANSWERED INTERROGATORY NO. 12(B), PROCEED TO INTERROGATORY 12(C).**

## INTERROGATORY NO. 12(C)

**QUESTION THREE: QUESTION THREE:** Do you the jury find from a preponderance of the evidence that the Plaintiff Michael Cooper is entitled to punitive damages, as discussed in Instruction No. 7?

Yes _____          No _____

Foreperson _____          Date _____

If your answer is "Yes," please provide that value in the space provided below:

**ANSWER:**     $_____

_____

Foreperson

_____

Date

**YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.**